OPINION
{¶ 1} Appellants Larry and Candy Werstler appeal the decision of the Court of Common Pleas, Tuscarawas County, which found them in contempt of court. The relevant facts leading to this appeal are as follows.
 {¶ 2} In March 2004, Appellees Charles and Marilyn Bair filed a quiet title action against appellants, adjoining property owners, concerning a disputed driveway area. On June 9, 2004, the trial court issued the following temporary orders:
 {¶ 3} "1. The defendants Werstler shall remove any stakes, flags, and lines placed on the driveway in question from the point where the driveway in question takes a ninety degree (90°) turn at the rear of the Plaintiffs' garage and extending to Township Road 447. This is the area highlighted on the survey map attached to this entry.
 {¶ 4} "2. Further, during the pendency of this action, ordinary and normal maintenance excepted, neither party shall engage in any action so as to disturb the driveway in question from the status quo as it existed on March 17, 2004, being the date of the filing of the lawsuit herein. Both parties are restrained from taking any action in violation of this status quo order." Judgment Entry, June 9, 2004.
 {¶ 5} On July 1, 2004, appellees filed a motion to show cause, alleging a violation by appellants of the first provision of the aforesaid court orders. Although appellants removed the items in question on July 6, 2004, the trial court issued a judgment entry, following a hearing, finding appellants were in indirect civil contempt for having failed to comply with the orders of June 9, 2004 within a reasonable time.
 {¶ 6} The court further ordered appellants to pay appellees' attorney fees in the amount of $150.00
 {¶ 7} Appellants timely filed a notice of appeal, and herein raise the following sole Assignment of Error:
 {¶ 8} "I. The trial court committed reversible error by finding the Werstlers in contempt and sanctioning the Werstler (sic) for contempt in its July 29, 2004 judgment entry."
 I. {¶ 9} In their sole Assignment of Error, appellants argue the trial court erred in finding them in indirect civil contempt.[1] We agree.
 {¶ 10} Contempt has been defined as the disregard for judicial authority. State v. Flinn (1982), 7 Ohio App. 3d 294, 455 N.E. 2d 691. "It is conduct which brings the administration of justice into disrespect, or which tends to embarrass, impede or obstruct a court in the performance of its functions." Windham Bank v. Tomaszczyk (1971),27 Ohio St. 2d 55, 271 N.E. 2d 815, paragraph one of the syllabus. When reviewing a finding of contempt, an appellate court applies an abuse of discretion standard. See State ex rel. Ventrone v. Birkel (1981),65 Ohio St. 2d 10, 417 N.E. 2d 1249.
 {¶ 11} Contempt may be either direct or indirect. In re Purola
(1991), 73 Ohio App. 3d 306, 310, 596 N.E. 2d 1140. In addition, "[c]ontempt is further classified as civil or criminal depending on the character and purpose of the contempt sanctions." Purola at 311,596 N.E. 2d 1140. "Civil contempt is designed to benefit the complainant and is remedial in nature. * * * Thus, an individual charged with civil contempt must be permitted to appear before the court and purge himself of the contempt by demonstrating compliance with the court's order."State v. Miller, Holmes App. No. 02 CA 16, 2003-Ohio-948, ¶ 28, citingPurola, supra.
 {¶ 12} Although appellants challenge the contempt finding on several bases, we find dispositive their argument that the trial court abused its discretion by providing no "purge opportunity" upon the finding of indirect civil contempt. "A sanction for civil contempt must allow the contemnor the opportunity to purge him or herself of contempt." O'Brienv. O'Brien, Delaware App. No. 2003-CA-F12069, 2004-Ohio-5881, ¶ 68, citing Burchett v. Miller (1997), 123 Ohio App. 3d 550, 552,704 N.E. 2d 636 (additional citations omitted). In this case, although a contempt hearing was duly conducted, the sanction provided no purge provision as required.
 {¶ 13} Accordingly, appellants' sole Assignment of Error is sustained. Although we hereby reverse the contempt finding, the award of attorney fees in favor of appellees is affirmed. See Schaar v. Schaar
(June 2, 1983), Tuscarawas App. No. CA-1676.
 {¶ 14} For the reasons stated in the foregoing opinion, the judgment of the Court of Common Pleas of Tuscarawas County, Ohio, is affirmed in part, reversed in part and remanded for further proceedings consistent with this opinion.
Wise, J., Farmer, J., concurs.
Hoffman, P.J., concurs in part and dissents in part.
[1] {¶ 1} The award of attorney fees to appellees in the judgment entry at issue appears to be the contempt sanction imposed against appellants by the trial court. See, e.g., Franklin Twp. v. Meadows
(1998), 130 Ohio App.3d 704, 713. Hence, the record indicates both a finding of contempt and a penalty imposed by the court, making the judgment entry of July 29, 2004 a final appealable order. See Chain Bikev. Spoke `N Wheel, Inc. (1979), 64 Ohio App.2d 62, 64.