OPINION
{¶ 1} Appellant David L. White II appeals the decision of the Morgan County Court, which revoked his probation subsequent to a contempt finding. The appellee is the State of Ohio. The relevant facts leading to this appeal are as follows.
 {¶ 2} On January 5, 2004, appellant, an attorney, was found in contempt of court for failing to appear as defense counsel at a criminal pre-trial hearing. Appellant was further sentenced to ten days in jail, with the sentence suspended on condition that appellant serve thirty days of electronically-monitored house arrest. He was further placed on probation for a period of one year.
 {¶ 3} On February 11, 2004, appellant completed his house arrest time. On February 25, 2004, a court probation officer appeared at appellant's residence for the purpose of conducting a urine screen, which appellant refused to do. On March 4, 2004, the State filed a motion to revoke probation. On April 28, 2004, the trial court found appellant had violated the terms of his probation, and ordered appellant to carry out his ten-day jail sentence.
 {¶ 4} Appellant filed a notice of appeal on May 27, 2004, and obtained a stay of execution of sentence. He herein raises the following sole Assignment of Error:
 {¶ 5} "I. THE TRIAL COURT ERRED IN PLACING APPELLANT ON PROBATION AFTER FINDING APPELLANT IN CONTEMPT OF COURT FOR FAILING TO APPEAR AT A SCHEDULED PRE-TRIAL HEARING AS COUNSEL FOR DEFENDANT IN A TRAFFIC VIOLATION CASE IN THE TRIAL COURT.
 I.
In his sole Assignment of Error, appellant challenges the trial court's use of probation as punishment for contempt of court. However, this Court has held that the imposition of a sentence for contempt, as differentiated from the execution of sentence, constitutes a final appealable order. Peterson v. Peterson, Muskingum App. No. CT2003-0049, 2004-Ohio-4714, ¶ 8, citing Strong v. Strong, Lucas App. No. L-01-1464, 2002-Ohio-234. In other words, where the record indicates both a finding of contempt and a penalty imposed by the court, a final appealable order exists. Bair v. Werstler, Tuscarawas App. No. 2004 AP 08 0060, 2005-Ohio-1697, f.n. 1, citing Chain Bike v. Spoke 'N Wheel, Inc.
(1979), 64 Ohio App.2d 62, 64. Likewise, "[t]he appropriate time to challenge the conditions of probation is immediately after they are imposed." State v. Meldrum, Stark App. No. 2001CA00289, 2003-Ohio-1859, quoting State v. Frambach (March 17, 1993).
 Lorain App. No. 92CA005395. {¶ 6} In the case sub judice, the trial court made its contempt finding and imposed sentence on appellant, including probation, on January 5, 2004. Appellant did not appeal at that time; rather, he appealed the trial court's execution of sentence, which took place more than three months later. See App.R. 4(A).
 {¶ 7} Therefore, under the procedural facts of this case, we find we lack direct appeal jurisdiction over the issues herein raised in Appellant's sole Assignment of Error due to the untimeliness of his notice of appeal.
 {¶ 8} For the foregoing reasons, the appeal of the judgment of the County Court of Morgan County, Ohio, is hereby dismissed.
Wise, J., Farmer, P.J., and Edwards, J., concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the appeal of the judgment of the County Court Morgan County, Ohio, is dismissed.
Costs to appellant.