OPINION
{¶ 1} Mark S. Pratt and Carl H. Woodford, third-party defendants-appellants, appeal from a judgment of the Franklin County Court of Common Pleas, in which the court denied appellants' motion to vacate and granted the motion to show cause filed by *Page 2 
EMC Mortgage Corporation ("EMC"), plaintiff-appellee, the successor in interest to Wells Fargo Home Mortgage, Inc. ("Wells Fargo").
 {¶ 2} On April 19, 2004, Wells Fargo filed a complaint for foreclosure against various parties holding an interest in real property secured by a mortgage deed and promissory note held by Wells Fargo. On December 22, 2004, EMC was substituted as plaintiff for Wells Fargo as the successor in interest via assignment of the mortgage. On September 16, 2005, appellants successfully bid on the foreclosed real property at a sheriff's sale. Appellants' winning bid was in the amount of $270,000, and they made a deposit on the real estate in the amount of $33,000. On October 24, 2005, the Franklin County Court of Common Pleas confirmed the sale of the property and ordered the property conveyed to appellants. It was apparent from the confirmation entry that appellants would be responsible to pay the property taxes on the real property for the first and second halves of 2005, when those taxes became due and payable in 2006. Thereafter, appellants refused to take possession of the deed and pay the balance of the purchase price.
 {¶ 3} On January 25, 2006, EMC filed a motion requesting appellants to show cause why they should not be held in contempt for failing to pay the remaining balance of the purchase price of the real property. On March 6, 2006, appellants filed a motion to vacate the judgment confirming the sale and ordering distributions, to set aside the sale, and to recover their deposit.
 {¶ 4} After a hearing, the magistrate filed a decision on January 30, 2007. In that decision, the magistrate: (1) found appellants were responsible for the property taxes for the first half of 2005; (2) found appellants were in contempt of court for failure to pay the balance of the purchase price; (3) denied appellants' motion to vacate; (4) granted EMC *Page 3 
the authority to move to vacate the sale and leave to file a pluries order of sale without a new appraisal; (5) ordered a hearing to assess the amount of attorney fees and damages incurred by EMC for appellants' failure to pay the balance of the purchase price; and (6) ordered the $33,000 deposit be held as security for any amounts that the court might later order for attorney fees and damages. Appellants filed objections to the magistrate's decision. On February 21, 2007, the trial court filed a judgment adopting the magistrate's decision. Appellants appeal the trial court's judgment, asserting the following four assignments of error:
 1. The lower court abused its discretion by holding Third-Party Purchasers in contempt.
 2. The lower court abused its discretion by denying Third-Party Purchasers' Motion to Vacate the Judgment Entry confirming the sale and recovery of the $33,000.00 deposit.
 3. Third-Party Purchasers did not have an opportunity to participate in the confirmation entry.
 4. The lower court is clearly biased against Messrs. Pratt and Woodford and this bias has affected the lower court's decision to rule against Third Party Purchasers.
 {¶ 5} Appellants argue in their first assignment of error that the trial court abused it discretion when in found them in contempt. However, after a review of the trial court's judgment, we find that portion of the judgment finding appellants in contempt was not a final appealable order. To constitute a final appealable order, there must be both a finding of contempt and imposition of a sanction. Chain BikeCorp. v. Spoke `N Wheel, Inc. (1979), 64 Ohio App.2d 62, 64 (until both a finding of contempt is made and a penalty imposed by the court, there is not a final order); Cooper v. Cooper (1984), 14 Ohio App.3d 327, paragraph one of the syllabus (in order for there to be final order in contempt of court proceeding, there must be both a finding of contempt and the imposition of a *Page 4 
sanction or penalty; the mere adjudication of contempt of court is not a final appealable order until a sanction or penalty is also imposed). In the present case, the trial court merely found appellants in contempt without imposing any sanction for the contempt. The trial court "expressly reserve[d] jurisdiction" to determine the amount of legal fees and damages that EMC incurred as a result of appellants' failure to pay the purchase price, as well as whether sanctions under either R.C.2323.51 or Civ.R. 11 were warranted. The future award of attorney fees may be part of a contempt sanction. See, e.g., Franklin Twp. v.Meadows (1998), 130 Ohio App.3d 704, 713. Likewise, the future award of damages may also be part of a contempt sanction, which may be imposed "to compensate for losses or damages sustained by reason of noncompliance." McComb v. Jacksonville Paper Co. (1949), 336 U.S. 187,191, 69 S.Ct. 497. As the trial court had yet to rule on any sanctions, such order was not final or appealable.
 {¶ 6} Further, in cases of civil contempt, the sanction must afford the contemnor an opportunity to purge the contempt. Tucker v.Tucker (1983), 10 Ohio App.3d 251, paragraph one of syllabus. Here, the trial court did not mention any opportunity to purge, further demonstrating the non-final and non-appealable nature of the trial court's order. Therefore, we find that, because the portion of the order finding appellants in contempt was not a final, appealable order, we cannot address appellants' argument and must overrule their first assignment of error.
 {¶ 7} Appellants argue in their second assignment of error that the lower court abused its discretion when it denied their motion to vacate the judgment entry confirming the sale and to recover their $33,000 deposit. In order to prevail on a Civ.R. 60(B) motion, a movant must demonstrate that: (1) she has a meritorious claim or defense; (2) she is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) *Page 5 
the motion is made within a reasonable time. GTE Automatic Elec. v. ARCIndustries (1976), 47 Ohio St.2d 146, paragraph two of the syllabus. If any of these three requirements are not met, the motion should be denied. Svoboda v. Brunswick (1983), 6 Ohio St.3d 348, 351. We review the trial court's decision on a Civ.R. 60(B) motion for an abuse of discretion. Griffey v. Rajan (1987), 33 Ohio St.3d 75, 77. In order to find an abuse of discretion, we must find that the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. Blakemore v. Blakemore (1983),5 Ohio St.3d 217, 219.
 {¶ 8} In the present case, the trial court denied appellants' motion to vacate. The trial court noted that, although appellants failed to plead any relief under Civ.R. 60(B), their motion could be read to claim surprise, under Civ.R. 60(B)(1), "in finding out how the confirmation entry dealt with the issue of property taxes." The court, however, concluded that appellants did not file their motion within a reasonable time. The requirement of timely filing a motion for relief ensures finality in all cases. S. Ohio Coal Co. v. Kidney (1995),100 Ohio App.3d 661, 670. Civ.R. 60(B) sets forth a two-part standard for the timely filing of a motion for relief from judgment: "within a reasonable time, and * * * not more than one year after the judgment." While the movant may have up to one year from the date of the judgment to file a motion to vacate, the movant is also bound by the "reasonable time" provision. Adomeit v. Baltimore (1974), 39 Ohio App.2d 97, 106. Accordingly, a motion may be filed within one year under Civ.R. 60(B), but still may not be considered within a "reasonable time." Id.
 {¶ 9} It is the movant's burden of proof to present factual material that, on its face, establishes the timeliness or justifies delays in filing the motion to vacate. Novak v. CDT Dev. Corp., Cuyahoga App. No. 83655, 2004-Ohio-2558. In order to sustain this burden, *Page 6 
the movant must present allegations of operative facts to demonstrate that he is filing his motion within a reasonable period of time.Adomeit, supra, at 103. In the absence of any explanation for the delay in filing the Civ.R. 60(B) motion, the movant has failed to meet his burden of establishing timeliness of his motion, and the motion to vacate should be denied. Youssefi v. Youssefi (1991), 81 Ohio App.3d 49,53.
 {¶ 10} We agree with the trial court that appellants failed to file their motion within a reasonable time. On October 24, 2005, the trial court entered its judgment confirming the sale and ordering distribution. In that order, the trial court ordered that appellants "assume payment of all taxes and assessments that hereinafter become due and payable" and provided no provision for the payment of any real estate taxes by the sheriff to the county treasurer out of the proceeds of the sale. Thus, as of October 24, 2005, appellants knew they were responsible for the payment of taxes for the year 2005. However, it was not until March 10, 2006, that appellants filed their motion to vacate the October 24, 2005 judgment. This delay was unreasonable, and appellants offer no reason for such delay. Further, as EMC asserted at the trial court level, appellants' delay deprived EMC of six months of interest on the purchase price of $270,000, demonstrating the delay was not without prejudicial consequence. For these reasons, we find the trial court did not abuse its discretion in finding that appellants failed to file their motion to vacate within a reasonable time of the entry of judgment. Therefore, appellants' second assignment of error is overruled.
 {¶ 11} Appellants argue in their third assignment of error that the trial court erred when it did not give them an opportunity to participate in the drafting of the confirmation entry, which indicated that appellants would be responsible for any taxes after the 2004 tax year. Whether to confirm a sheriff's sale is within the sole discretion of the trial court. *Page 7 Ohio Sav. Bank v. Ambrose (1990), 56 Ohio St.3d 53, 55, citingMichigan Mtge. Corp. v. Oakley (1980), 68 Ohio App.2d 83, at paragraph two of the syllabus. A purchaser at a foreclosure sale has no vested interest in the property prior to confirmation. Id., at 55. Appellants cite no authority for the proposition that a trial court must sua sponte seek the participation of a purchaser at a foreclosure sale in drafting the confirmation entry. However, purchasers in foreclosure actions do have the right to intervene and participate to protect their interests incident to the sale prior to confirmation. Mid-American Natl. Bank v.Heiges (Nov. 18, 1994), Ottawa App. No. 94OT025, citing Reed v.Radigan (1884), 42 Ohio St. 292, 294. Accordingly, once appellants became the successful bidders at the sheriff's sale, they had standing to move the court to intervene and appear in order to protect their acquired interest in the property. Despite the opportunity and power to do so, appellants failed to timely intervene in the action to present their arguments regarding the tax issue prior to confirmation, and their motion to vacate was untimely filed. Faced with circumstances that had no apparent irregularities, the trial court was required to confirm the sale. Merkle v. Merkle (1961), 116 Ohio App. 370 (where the proceedings are regular, the sale must be confirmed). Therefore, the trial court was vested with and properly exercised its discretion to confirm appellants' purchase, and appellants have failed to show that the trial court's action was arbitrary or unconscionable. Therefore, appellants' third assignment of error is overruled.
 {¶ 12} Appellants argue in their fourth assignment of error that the trial court was clearly biased against them, and this bias affected the court's decision. Appellants contend that the trial court was biased against them because EMC informed the court that they have, in the past, purchased foreclosed properties and not consummated the purchase. However, the record is devoid of any evidence demonstrating bias on behalf of *Page 8 
the trial court. Further, in cases in the courts of common pleas, the Chief Justice of the Ohio Supreme Court has exclusive jurisdiction to determine a claim that a trial judge is biased or prejudiced. Jones v.Billingham (1995), 105 Ohio App.3d 8, 11. Common pleas litigants must challenge a trial judge's objectivity by using the procedure set forth in R.C. 2701.03. Thus, appellants' remedy was the filing of an affidavit of disqualification with the clerk of the Supreme Court. See State exrel. Hach v. Summit Cty. Court of Common Pleas, 102 Ohio St.3d 75,2004-Ohio-1800. Because only the Chief Justice or his designee may hear and decide a disqualification claim, a court of appeals is without authority to review or void the judgment of a trial court based upon a claim of bias or prejudice on the part of the judge. Beer v.Griffith (1978), 54 Ohio St.2d 440, 441-442. As we are without jurisdiction to address appellants' argument, we must overrule their fourth assignment of error.
 {¶ 13} Accordingly, appellants' first, second, third, and fourth assignments of error are overruled, and the judgment of the Franklin County Court of Common Pleas is affirmed.
Judgment affirmed.
BRYANT and BOWMAN, JJ., concur.
BOWMAN, J., retired of the Tenth Appellate District, assigned to active duty under authority of Section 6(C), Article IV, Ohio Constitution. *Page 1