OPINION
{¶ 1} This is an appeal from a decision and judgment of the Franklin County Court of Common Pleas finding appellant, Continent French Quarter, L.L.C. (the *Page 2 
"Continent"), in contempt of a court order. For the reasons that follow, we dismiss the appeal for lack of a final appealable order.
 {¶ 2} This case arose as a foreclosure action brought by appellee, AXS Opportunity Fund, LLC ("AXS Opportunity Fund"). The complaint and motion for appointment of receiver was filed on January 29, 2007. On February 16, 2007, the trial court appointed Lloyd Pierre-Louis (the "Receiver"), as receiver over the property known as Continent French Quarter.[1]
 {¶ 3} The Continent had $209,251.01 in its Chase bank account at the close of business on February 16, 2007. The funds were proceeds from the receivership property consisting of rents and security deposits. Beginning on February 20, 2007, the Continent transferred $191,029.18 from the Chase bank account to persons other than the Receiver.
 {¶ 4} The Receiver made a number of demands on the Continent for the turnover of records and funds, but they were not produced. On April 5, 2007, the Receiver then filed a first motion to show cause as to why the Continent should not be held in contempt.[2] Subsequently, the records were produced and the first motion was withdrawn.
 {¶ 5} On April 26, 2007, the Receiver filed a second motion to show cause as to why the Continent should not be held in contempt. The motion was predicated on the *Page 3 
belief of the Receiver that the Continent had transferred receivership property out of the Chase deposit account in contravention of the receivership order.
 {¶ 6} The trial court conducted a hearing on the motion on June 14, 2007, and found the Continent in contempt on June 20, 2007. The contempt order stated that the Continent had violated the receiver order on an ongoing basis that resulted in a substantial diversion of receivership property. The trial court ordered the Continent to pay the Receiver $208,798.32 on or before June 26, 2007, plus interest at the statutory rate of eight percent per annum beginning February 16, 2007, until paid in full, and if not paid by that date, a daily fine in the amount of $200 per day. The trial court further ordered that the Continent should pay all costs including reasonable attorney fees incurred by the Receiver, Receiver's counsel, and AXS Opportunity Fund, and any damages incurred by the Receiver (such as interest and penalties incurred because of any resultant delay in paying real estate taxes) as a result of its violation of the receiver order.
 {¶ 7} On June 28, 2007, the Continent paid the Receiver $215,039.17 representing $208,798.32 which was the principal amount of the contempt order, plus $6,048.85 representing the statutory interest, and $400 representing two daily fines of $200. The attorney fees and costs were yet to be determined and remained outstanding. On July 10, 2007, the Receiver filed a notice of payment acknowledging receipt of $215,039.17 and specifying that the notice did not address the outstanding attorney fees and costs which remained pending.
 {¶ 8} On July 17, 2007, the Continent filed its notice of appeal. On the same day, the Continent filed a motion for a stay of execution with the trial court. The Continent did not request a supersedeas bond. Instead, it acknowledged in its motion for a stay that it *Page 4 
had paid the Receiver. On August 2, 2007, the Receiver filed a memorandum in opposition to the motion for a stay. The Receiver argued the Continent had failed to preserve its appeal rights, stating the Continent should have filed a notice of appeal and posted a supersedeas bond. Instead, the Receiver argued that the Continent had satisfied the judgment thereby rendering any appeal moot. AXS Opportunity Fund filed a memorandum contra to the motion for stay arguing that the motion should be contingent upon the Continent executing a supersedeas bond of at least $75,000 to cover outstanding attorney fees and costs. On August 3, 2007, counsel for AXS Opportunity Fund filed an affidavit in support of a motion for attorney fees incurred by the contempt. The affidavit itemized $15,151 in fees. On August 9, 2007, the Continent filed a motion opposing the grant of attorney fees or, in the alternative, requesting a hearing on the reasonableness of the requested fees. The record does not show that the trial court ruled on the motion for stay or the motion for attorney fees.
 {¶ 9} On appeal, the Continent has assigned the following as error:
 I. The trial court's finding of contempt was an abuse of discretion and must be reversed because the order appointing a receiver did not provide that appellant's deposit accounts were receivership property.
 II. The Receiver failed to establish a violation of a court order by clear and convincing evidence.
 III. The trial court erred in permitting the contempt hearing to proceed because there had not been proper service of the contempt motion upon the defendant.
 IV. The trial court abused its discretion when it ordered Kevin Howat and George Van Vliet to appear and show cause why they should not be held in contempt. *Page 5 
 V. The trial court abused its discretion when it ordered appellant to pay the costs and attorney fees of the plaintiff and the receiver.
 {¶ 10} At the outset, we have before us a motion to dismiss the appeal by the Receiver on the grounds of satisfaction of the judgment. In essence, the Receiver is arguing that the appeal is moot. However, before we can address the issue of mootness, we must determine whether the judgment appealed from is a final appealable order. If a judgment is not final and appealable, this court has no jurisdiction to review the matter, and it must be dismissed. Section (B)(2), Article IV, Ohio Constitution; see R.C. 2505.02(B).
 {¶ 11} In certain situations, the failure of a trial court to rule on a request for attorney fees can result in dismissal of an appeal as premature. In Internatl. Brotherhood of Electrical Workers, Local UnionNo. 8 v. Vaughn Industries, L.L.C., 116 Ohio St.3d 335, 2007-Ohio-6439, the Supreme Court of Ohio held that "[w]hen attorney fees are requested in the original pleadings, an order that does not dispose of the attorney-fee claim and does not include, pursuant to Civ.R. 54(B), an express determination that there is no just reason for delay, is not a final appealable order." Id. at paragraph two of the syllabus. However, in connection with contempt, the Seventh District Court of Appeals has held that the trial court is not required to include Civ.R. 54(B) language in a contempt order. Contos v. Monroe Cty., Monroe App. No. 04 MO 3, 2004-Ohio-6380, at ¶ 12.
 {¶ 12} In Ohio, the general rule for contempt proceedings is that a judgment of contempt becomes a final appealable order when there is a finding of contempt and the imposition of a penalty. Chain Bike Corp. v.Spoke `N Wheel, Inc. (1979), 64 Ohio App.2d 62, 64; EMC Mortgage Corp.v. Pratt, Franklin App. No. 07AP-214, 2007-Ohio-4669, *Page 6 
at ¶ 5. The future award of attorney fees may be part of a contempt sanction, or it may actually be the contempt sanction. Id.; Bair v.Werstler, Tuscarawas App. No. 2004 AP 08 0060, 2005-Ohio-1697, at ¶ 9, fn. 1.
 {¶ 13} In Lawson v. Lawson, Lawrence App. No. 01CA31, 2002-Ohio-409, the trial court found a mother to be in contempt for failing to enroll her daughter in a particular school. In addition to finding the mother in contempt, the trial court ordered that the mother be incarcerated at the county jail, gave her the opportunity to purge herself of contempt by enrolling her daughter, and ordered the mother to pay the opposing party's attorney fees. The mother eventually enrolled her daughter. Because the amount of attorney fees remained pending for later determination by the trial court, the Fourth District Court of Appeals held that "[u]ntil the attorney fee issue is resolved, the trial court's judgment does not constitute a final appealable order."
 {¶ 14} In EMC Mortgage Corp., supra, attorney fees were requested as part of damages in connection with the party's refusal to pay the balance of the purchase price of real estate. This court indicated that, as the trial court had yet to rule on any sanctions, including the future award of attorney fees, the order was not final or appealable.
 {¶ 15} Here, the trial court expressly found the Continent in contempt and imposed monetary sanctions including costs and attorney fees. Because the trial court has yet to rule on the amount of attorney fees it finds reasonable in connection with the motion for contempt, the order was not final and appealable.
 {¶ 16} Based on the foregoing, we must dismiss the appeal for lack of subject matter jurisdiction.
Appeal dismissed.
McGRATH, P.J., concurs. BRYANT, J., concurs separately.
[1] On the same day the Receiver was appointed, the Continent removed the action to federal court. The case was remanded to the trial court on April 17, 2007, and AXS Opportunity Fund was awarded costs for the improper removal.
[2] As the matter had not yet been remanded to common pleas court, the show cause motion was filed in the United States District Court for the Southern District of Ohio, Eastern Division. *Page 7