[Cite as *Van Orden v. Van Orden* , 2011-Ohio-2246.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
JACKSON COUNTY

| | | |
|---|---|---|
| HANNAH VAN ORDEN, | : | |
| | : | |
| Plaintiff-Appellee, | : | Case No. 10CA10 |
| | : | |
| vs. | : | **Released: May 9, 2011** |
| | : | |
| DAVID RICHARD VAN ORDEN, | : | <u>DECISION AND JUDGMENT</u> |
| | : | <u>ENTRY</u> |
| Defendant-Appellant. | : | |

_____
<u>APPEARANCES:</u>

Richard M. Lewis, and Christen Finley, The Law Firm of Richard M. Lewis, LLC, Jackson, Ohio, for Appellant.

William S. Cole, Jackson, Ohio, for Appellee.
_____

McFarland, J.:

{¶1} This is an appeal from a Jackson County Court of Common Pleas judgment finding Appellant, David Van Orden, in contempt. On appeal, Appellant contends that the trial court erred in finding Appellant in contempt of the court's order to hold Appellee, Hannah Van Order, harmless from the marital debt, in ordering Appellant to pay Appellee's attorney fees concerning the prosecution of the contempt, and in ordering Appellant to make arrangements to pay the judgments obtained by Fifth Third Bank and USAA against Appellee.

{¶2} In light of our finding that no final, appealable order exists, we hereby dismiss the current appeal.

FACTS

{¶3} The parties were married on October 16, 1998, and five children were born as issue of the marriage. Appellee filed a complaint for divorce on September 27, 2006. A final divorce hearing was held on April 16, 2007. Based upon the agreed statement of facts contained in the record, Appellant filed a Chapter 7 petition for bankruptcy on August 20, 2007. On August 24, 2007, a magistrate's decision was issued in the divorce proceeding, and on September 20, 2007, the trial court issued an order adopting the magistrate's decision and issuing a decree of divorce. The divorce decree specified that "Defendant shall pay all of the marital debt and hold the Plaintiff harmless therefrom."

{¶4} Subsequently, Appellee was sued by Fifth Third Bank and USAA. Although Appellant obtained a discharge in bankruptcy on July 21, 2008, creditors Fifth Third Bank and USAA obtained judgments against Appellee. On March 13, 2009, Appellee filed a contempt motion against Appellant based upon his failure to hold her harmless on the marital debts.[1] The trial court held a hearing on the motion on June 29, 2009, on December

---

[1] The motion also raised other issues not pertinent to this appeal.

16, 2009, a magistrate's decision finding Appellant in contempt of the hold harmless agreement was issued. Although Appellant objected to the magistrate's decision, the trial court issued its entry adopting the magistrate's decision with respect to the hold harmless agreement on June 1, 2010.

{¶5} With respect to its finding that Appellant was in contempt of the hold harmless agreement, the trial court found as follows:

"3.    Defendant is in contempt of the Court's Order to hold Plaintiff harmless from the marital debt owed to Fifth Third Bank and USAA. Defendant shall pay Plaintiff's attorney fees for this motion within 90 days.

* * *

6.    Defendant shall make arrangements within 90 days with Fifth Third Bank and USAA to pay the judgments they obtained against Plaintiff."

The trial court did not provide Appellant an opportunity to purge his contempt. Nor did the trial court impose any sort of fine or sanction, or determine the amount of attorney fees owed to Appellee.

{¶6} It is from this order that Appellant brings his appeal, setting forth a single assignment of error for our review.

ASSIGNMENT OF ERROR

"I.    THE TRIAL COURT ERRED IN FINDING APPELLANT IN CONTEMPT OF THE COURT'S ORDER TO HOLD APPELLEE HARMLESS FROM THE MARITAL DEBT AND IN ORDERING

APPELLANT TO PAY APPELLEE'S ATTORNEY FEES CONCERNING THE PROSECUTION OF THE CONTEMPT AND TO MAKE ARRANGEMENTS TO PAY THE JUDGMENTS OBTAINED BY FIFTH THIRD BANK AND USAA AGAINST APPELLEE."

## LEGAL ANALYSIS

{¶7} "Civil contempt sanctions are designed to coerce compliance with a court order or to compensate a complainant for loss sustained by the contemnor's disobedience." *Slone v. Slone*, Pike App. No. 01CA665, 2002-Ohio-687; citing, *Boggs v. Boggs* (1997), 118 Ohio App.3d 293, 299, 692 N.E.2d 674; citing *Brown v. Executive 200, Inc.* (1980), 64 Ohio St.2d 250, 253, 416 N.E.2d 610. "One found in civil contempt must be provided with the opportunity to purge himself of contempt." *Slone*, supra; citing *Carroll v. Detty* (1996), 113 Ohio App.3d 708, 712, 681 N.E.2d 1383; *In re Purola* (1991), 73 Ohio App.3d 306, 312, 596 N.E.2d 1140; See, also, *Amsbary v. Amsbary* (March 25, 1997), Gallia App. No. 96CA11, 1997 WL 139440. Furthermore, an appellate court reviews a trial court's contempt finding under an abuse of discretion standard. *Slone*, supra; citing, *Denovchek v. Bd. of Trumbull Cty. Commrs.* (1988), 36 Ohio St.3d 14, 16, 520 N.E.2d 1362.

{¶8} Initially, we must address a threshold jurisdictional issue. Ohio appellate courts have jurisdiction to review the final orders or judgments of inferior courts within their district. Section 3(B)(2), Article IV of the Ohio

Constitution. Also see R.C. 2501.02. If a judgment is not final and appealable, then an appellate court has no jurisdiction to review the matter and it must be dismissed. *Prod. Credit Assn. v. Hedges* (1993), 87 Ohio App.3d 207, 210, 616 N.E.2d 591 at fn. 2; *Koons v. Pemberton* (1992), 84 Ohio App.3d 499, 501, 617 N.E.2d 701.  As set forth above, one found in civil contempt must be provided with an opportunity to purge.  Here, the trial court found Appellant in contempt but gave him no ability to purge his contempt.

{¶9} Further, contempt generally consists of both a finding of contempt and the imposition of a penalty or a sanction.  As provided in R.C. 2705.05:

"(A)  In all contempt proceedings, * * *.  If the accused is found guilty, the court may impose any of the following penalties:

(1) For a first offense, a fine of not more than two hundred fifty dollars, a definite term of imprisonment of not more than thirty days in jail, or both;"

This court has held that "[u]ntil a court issues a penalty or sanction, no final appealable order exists." *Slone*, supra; citing *See In re Smith* (Jan. 31, 1991), Jackson App. No. 630, 1991 WL 14098 ("in the absence of one of these sanctions [either fine or imprisonment], there is no appealable order * * *").; See, also, *Thompson v. Pendleton*, Scioto App. No. 00CA2737, 2001-Ohio-2531.

{¶10} We further note that the trial court ordered Appellant to pay Appellee's attorney fees related to the contempt motion. In *Lawson v. Lawson*, Lawrence App. No. 01CA31, 2002-Ohio-409, we reasoned that "[a] trial court possesses the authority to include reasonable attorney fees as part of costs taxable to a defendant found guilty of civil contempt." In *Lawson*, at the time the contempt motion was appealed, the attorney fee award remained pending for later determination and had yet to be resolved. Based upon those facts, we held that there was no appealable order. In the case sub judice, based upon our review of the record, it appears that while the trial court ordered Appellant to pay Appellee's attorney fees related to the contempt motion, we can find no evidence in the record suggesting that the amount was ever determined.

{¶11} Thus, based upon our review of the record, it appears that the trial court did not provide Appellant an opportunity to purge his contempt, did not impose any penalty or sanction, and did not determine that attorney fee amount Appellant was ordered to pay. Thus, we must dismiss the instant appeal for the lack of a final appealable order.

{¶12} Accordingly, based upon the foregoing reasons we hereby dismiss the instant appeal.

**APPEAL DISMISSED.**

## JUDGMENT ENTRY

It is ordered that the APPEAL BE DISMISSED and that the Appellee recover of Appellant costs herein taxed.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Jackson County Common Pleas Court to carry this judgment into execution.

Any stay previously granted by this Court is hereby terminated as of the date of this entry.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Exceptions.

Harsha, P.J. and Kline, J.: Concur in Judgment and Opinion.

For the Court,

BY:    _____
        Matthew W. McFarland, Judge

## NOTICE TO COUNSEL

**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**