[Cite as *Home S. & L. Co. v. Avery Place, L.L.C.*, 2011-Ohio-4774.]

COURT OF APPEALS
DELAWARE COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| HOME SAVINGS & LOAN CO., YOUNGSTOWN, OHIO | : | JUDGES: |
| | : | |
| | : | |
| | : | Hon. William B. Hoffman, P.J. |
| Plaintiff-Appellee | : | Hon. Sheila G. Farmer, J. |
| | : | Hon. Patricia A. Delaney, J. |
| -vs- | : | |
| | : | Case No. 11 CAE 03 0024 |
| AVERY PLACE, LLC, et al. | : | |
| | : | |
| | : | |
| Defendants-Appellants | : | O P I N I O N |

CHARACTER OF PROCEEDING:      Appeal from the Delaware County Court of Common Pleas, Case No. 09 CV H 08 1044

JUDGMENT:                         DISMISSED

DATE OF JUDGMENT ENTRY:      September 20, 2011

APPEARANCES:

For Appellants:

RICHARD L. GOODMAN
720 Youngstown-Warren Rd., Suite E
Niles, OH 44446

For Appellee:

ANTHONY M. SHARETT
KENNETH C. JOHNSON
100 S. 3rd St.
Columbus, OH 43215

*Delaney, J.*

{¶1} Defendants-Appellants, James Moro and Avery Place, LLC appeal the February 25, 2011 judgment entry of the Delaware County Court of Common Pleas finding Appellant James Moro in contempt. Plaintiff-Appellee is Home Savings and Loan Company, Youngstown, Ohio.

{¶2} This case comes to us on the accelerated calendar. App. R. 11. 1, which governs accelerated calendar cases, provides in pertinent part:

{¶3} "(E) Determination and judgment on appeal.

{¶4} "The appeal will be determined as provided by App.R. 11.1. It shall be sufficient compliance with App.R. 12(A) for the statement of the reason for the court's decision as to each error to be in brief and conclusionary form.

{¶5} "The decision may be by judgment entry in which case it will not be published in any form."

{¶6} This appeal shall be considered in accordance with the aforementioned rule.

## STATEMENT OF THE FACTS AND CASE

{¶7} Appellants entered into two commercial mortgage loans with Appellee to finance the construction of a condominium development. Appellant James Moro personally guaranteed the commercial loans. Appellants defaulted on the loans.

{¶8} On August 7, 2009, Appellee filed a complaint, asserting claims for breach of a construction note supported by a cognovit promissory note, breach of an unconditional and continuing cognovit construction guaranty, breach of an acquisition and development loan supported by a cognovit promissory note, and breach of an

unconditional and continuing cognovit acquisition and development guaranty. The trial court entered a judgment by confession in the amount of $2,846,574.20, plus interest, costs, and attorney fees.

{¶9} Appellant James Moro was ordered to appear at a judgment debtor examination on August 6, 2010 with certain documents for inspection and review by Appellee. Appellant failed to appear at the judgment debtor examination. The trial court ordered Appellant to appear at a show cause hearing on August 20, 2010 to show cause as to why he did not appear at the August 6, 2010 judgment debtor examination and to deliver the requested documentation on or before the August 20, 2010 hearing.

{¶10} The trial court issued an order on August 25, 2010 stating Appellant was required to deliver documents to Appellee by August 30, 2010.

{¶11} Appellee filed a motion to show cause on October 29, 2010. Appellant failed to deliver the documents to Appellee by August 30, 2010. Appellee agreed to extend the deadline to September 23, 2010, but Appellant did not comply. Appellant responded that he did not possess all of the requested documents and collecting the number of requested documents was difficult.

{¶12} The trial court held a show cause hearing on February 18, 2011. By judgment entry filed February 25, 2011, the trial court found Appellant in contempt of the August 25, 2010 order. The trial court ordered that Appellant reimburse Appellee for its reasonable attorneys' fees incurred relating to its efforts in obtaining the requested documents. The order stated that Appellee was to provide the trial court with information confirming its fees incurred to the date of the judgment entry for the trial court's approval. The trial court finally ordered that Appellant deliver the documents to

Appellee by March 11, 2011 and Appellant's failure to do so would result in Appellant's confinement in the Delaware County Jail until Appellant purged himself of the contempt by providing the documents.

{¶13} It is from this decision Appellants now appeal.

{¶14} Appellants raise one Assignment of Error:

{¶15} "I. THE TRIAL COURT ERRED WHEN IT FOUND DEFENDANT-APPELLANT, JAMES MORO IN CONTEMPT OF COURT (R. 91, FEBRUARY 25, 2011 DECISION, APPX. 8)."

## I.

{¶16} Before we review the merits of Appellants' Assignment of Error, we must determine whether we have jurisdiction to consider an appeal of the February 25, 2011 order of contempt. This Court has jurisdiction to review the final orders or judgments of inferior courts within their district. Section 3(B)(2), Article IV of the Ohio Constitution. Also see R.C. 2501.02. If a judgment is not final and appealable, then an appellate court has no jurisdiction to review the matter and it must be dismissed.

{¶17} "In Ohio, the general rule for contempt proceedings is that a judgment of contempt becomes a final appealable order when there is a finding of contempt and the imposition of a penalty." *AXS Opportunity Fund, LLC v. Continent French Quarter, LLC*, Franklin App. No. 07AP-568, 2008-Ohio-1047, ¶12 citing *Chain Bike Corp. v. Spoke 'N Wheel, Inc.* (1979), 64 Ohio App.2d 62, 64; *EMC Mortgage Corp. v. Pratt*, Franklin App. No. 07AP-214, 2007-Ohio-4669, at ¶ 5. The future award of attorney fees may be part of a contempt sanction, or it may actually be the contempt sanction. Id.; *Bair v. Werstler*, Tuscarawas App. No. 2004 AP 08 0060, 2005-Ohio-1697, at ¶ 9, fn. 1.

{¶18}  In *AXS Opportunity Fund, LLC v. Continent French Quarter, LLC*, supra, the Tenth District Court of Appeals examined an appeal of a contempt order where the trial court found the appellant in contempt and imposed monetary sanctions, including costs and attorney fees.  However, the trial court had yet to rule on the amount of attorney fees it found reasonable in connection with the motion to dismiss.  The Tenth District determined that because there was no determination on attorney fees, the order of contempt was not a final, appealable order.

{¶19}  In support of its decision, the court cited to *Lawson v. Lawson*, Lawrence App. No. 01CA31, 2002-Ohio-409.  In *Lawson*, at the time the contempt motion was appealed, the attorney fee award remained pending for later determination and had yet to be resolved.  Because the amount of attorney fees remained pending for later determination by the trial court, the Fourth District Court of Appeals held that "[u]ntil the attorney fee issue is resolved, the trial court's judgment does not constitute a final appealable order."  The Fourth District Court of Appeals reasoned that "[a] trial court possesses the authority to include reasonable attorney fees as part of costs taxable to a defendant found guilty of civil contempt."  See also *Van Orden v. Van Orden*, Jackson App. No. 10CA10, 2011-Ohio-2246.

{¶20}  In the case sub judice, based upon our review of the record, it appears that while the trial court ordered Appellants to pay Appellee's attorney fees related to the contempt motion, we can find no evidence in the record suggesting that the amount was ever determined.

{¶21} Accordingly, we must dismiss Appellant's appeal for lack of a final, appealable order.

By: Delaney, J.

Hoffman, P.J. and

Farmer, J. concur.

_____

HON. PATRICIA A. DELANEY

_____

HON. WILLIAM B. HOFFMAN

_____

HON. SHEILA G. FARMER

[Cite as *Home S. & L. Co. v. Avery Place, L.L.C.*, 2011-Ohio-4774.]

IN THE COURT OF APPEALS FOR DELAWARE COUNTY, OHIO

FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| HOME SAVINGS & LOAN CO.,<br>YOUNGSTOWN, OHIO | : | |
| | : | |
| | : | |
| | : | |
| Plaintiff-Appellee | : | |
| | : | |
| -vs- | : | JUDGMENT ENTRY |
| | : | |
| AVERY PLACE, LLC, et al. | : | |
| | : | |
| | : | Case No. 11 CAE 03 0024 |
| Defendants-Appellants | : | |

For the reasons stated in our accompanying Opinion on file, the appeal of the judgment of the Delaware County Court of Common Pleas is dismissed. Costs assessed to Appellants.

_____
HON. PATRICIA A. DELANEY

_____
HON. WILLIAM B. HOFFMAN

_____
HON. SHEILA G. FARMER