**[Cite as *Yaklevich v. Dinneen*, 2021-Ohio-4531.]**

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| John A. Yaklevich, | : | |
| Plaintiff-Appellee, | : | |
| | : | No. 20AP-322 |
| v. | : | (C.P.C. No. 17CV-9344) |
| Janet Dinneen, | : | (REGULAR CALENDAR) |
| Defendant-Appellant. | : | |
| [Creditor] John A. Yaklevich, | : | |
| Plaintiff-Appellee, | : | |
| | : | No. 20AP-324 |
| v. | : | (C.P.C. No. 18JG-57331) |
| [Debtor] Janet Dinneen, | : | (REGULAR CALENDAR) |
| Defendant-Appellant. | : | |

D E C I S I O N

Rendered on December 23, 2021

**On brief:** *Moore & Yaklevich*, and *John A. Yaklevich*, pro se.
**Argued:** *John A. Yaklevich.*

**On brief:** *Janet Dinneen*, pro se. **Argued:** *Janet Dinneen.*

APPEALS from the Franklin County Court of Common Pleas

KLATT, J.

{¶ 1} Defendant-appellant, Janet Dinneen, pro se, appeals from a judgment of the Franklin County Court of Common Pleas denying her Civ.R. 60(B) motion for relief from a default judgment. For the following reasons, we affirm that judgment.

{¶ 2}    On October 18, 2017, plaintiff-appellee, John A. Yaklevich, filed a four-count complaint against appellant for unpaid legal fees rendered pursuant to appellee's representation of appellant in a dispute with her former business partner.  Count 1 alleged a claim for breach of contract.  Count 2 alleged an action on an account, pursuant to which appellant attached a statement of account setting forth a balance due of $21,139.  Alternatively, Counts 3 and 4 alleged that appellee expended significantly more professional time than was memorialized in the statement of account; as such, appellant had been unjustly enriched in the amount of $30,775.

{¶ 3}    Attempts to serve appellant by certified and/or ordinary mail in late 2017 and early 2018 were unsuccessful; appellant was personally served with the complaint and summons on August 2, 2018.  Appellant thus had to answer or otherwise respond to the complaint by August 30, 2018.  Appellant did not timely answer the complaint; however, in both a letter dated August 16, 2018 and an email dated August 28, 2018, appellant disputed the amount owed.  On September 10, 2018, appellee moved for default judgment on Counts 1 and 2 in the amount of $21,139 and as to liability only on Counts 3 and 4.  Appellant did not respond to that motion.  In a judgment dated September 24, 2018, the trial court granted default judgment against appellant and awarded appellee damages in the amount of $21,139, plus post-judgment interest and costs.[1]  Appellant did not appeal the judgment.

{¶ 4}    On March 10, 2019, and again on September 19, 2019, counsel entered an appearance on behalf of appellant.  On September 23, 2019, appellant, through counsel, filed an amended motion for relief from the September 24, 2018 default judgment.[2]  Appellant first asserted that the motion was timely, as it was filed within a reasonable time following the default judgment.  Appellant next alleged that she was entitled to relief pursuant to Civ.R. 60(B)(3) and (5), as appellee had engaged in fraud or misconduct by misrepresenting in both his complaint and the affidavit attached to his amended motion the amount appellant purportedly owed him.  Finally, appellant maintained that she had several meritorious defenses to present if the trial court granted relief from the default judgment.  In support of her motion, appellant attached her affidavit, along with supporting

---

[1] On September 27, 2018, appellant filed a Civ.R. 41(A) notice of dismissal as to Counts 3 and 4.

[2] Appellant filed her original motion for relief from judgment on September 6, 2018.

documentation, averring that appellee had billed her $31,111 for legal services and costs and that she had either paid or received credits from appellee totaling $37,512; as such, appellee was entitled to a refund of $6,401. Appellee filed a memorandum contra on October 4, 2019, to which he attached his own affidavit and supporting documentation. On October 15, 2019, appellant filed a response to appellee's memorandum contra.

{¶ 5} The trial court held an evidentiary hearing on appellant's motion on February 6, 2020. In its March 11, 2020 decision and entry, the trial court set forth a detailed recitation of the testimony and documentary evidence presented at the hearing. The trial court found that although appellant had set forth operative facts to establish a meritorious defense if relief was granted, she had failed to establish that she was entitled to relief under either Civ.R. 60(B)(3) or (5) and/or that she had filed her motion within a reasonable time after the default judgment. In addition, the trial court sua sponte determined that appellant had not been afforded the seven-day notice required by Civ.R. 55(A) prior to entry of default judgment, as she had entered an informal appearance through the August 28, 2018 email disputing the amount owed. The court concluded, however, that because the evidence presented at the hearing established that appellant was not entitled to relief from judgment, the lack of notice was of no significance. Consequently, the trial court denied appellant's motion.

{¶ 6} In a timely appeal,[3] appellant sets forth three assignments of error, all of which state the identical premise:

> The trial court erred and abused its descretion [sic] in dimissing [sic] appellant's [sic] action.

{¶ 7} To prevail on a Civ.R. 60(B) motion for relief from judgment, a party must demonstrate that: (1) it has a meritorious claim or defense to present if the court grants it

---

[3] Appellant's appeal of the trial court's March 11, 2020 judgment is docketed as 20AP-322. By journal entry issued June 23, 2020, this court sua sponte consolidated the appeal in 20AP-322 with appellant's appeal of a judgment in Franklin County C.P. No. 18JG-57331, which is docketed as 20AP-324. In Franklin County C.P. No. 18JG-57331, appellee, on January 11, 2019, filed an order and notice of garnishment of property other than personal earnings against appellant, listing Huntington National Bank ("HNB") as the garnishee, seeking funds from appellant's checking account, savings account, investment account, or other funds. On the same day, appellee notified appellant, as judgment debtor, that she was prohibited from removing or attempting to remove funds from her HNB accounts. On February 4, 2019, HNB filed an answer of garnishee indicating that appellant's accounts with HNB were closed. On June 12, 2020, appellant filed a notice of appeal indicating only that she "would like to file a notice of Appeal of the judgment made by Judge French." In her briefing, appellant does not mention the judgment in Franklin County C.P. No. 18JG-57331 and her assignments of error relate solely to the trial court's March 11, 2020 judgment.

relief; (2) it is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) it filed the motion within a reasonable time and, when relying on a ground for relief set forth in Civ.R. 60(B)(1), (2), or (3), it filed the motion not more than one year after the judgment, order, or proceeding was entered or taken. *Luke v. Roubanes*, 10th Dist. No. 16AP-766, 2018-Ohio-1065, ¶ 21, citing *GTE Automatic Elec., Inc. v. ARC Industries, Inc.*, 47 Ohio St.2d 146 (1976), paragraph two of the syllabus. If the movant fails to demonstrate any of these three requirements, the trial court should overrule the motion. *Id.*, citing *Rose Chevrolet, Inc. v. Adams*, 36 Ohio St.3d 17, 20 (1988). "A trial court exercises its discretion when ruling on a Civ.R. 60(B) motion, and, thus, an appellate court will not disturb such a ruling absent an abuse of discretion." *Id.*, citing *Griffey v. Rajan*, 33 Ohio St.3d 75, 77 (1987). An abuse of discretion connotes more than an error of law or judgment; it implies an attitude by the trial court that is arbitrary, unconscionable or unreasonable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983).

{¶ 8} Although appellant's arguments are difficult to understand, it appears that she is challenging the trial court's findings that she failed to establish entitlement to relief from judgment under Civ.R. 60(B)(5) and failed to demonstrate that she filed her motion within a reasonable time after the default judgment. Appellant also references the trial court's averment that she was not afforded the requisite notice under Civ.R. 55(A); however, she does not set forth any arguments contesting the trial court's conclusion that she was not prejudiced by the lack of notice.

{¶ 9} With respect to the timeliness of a motion, Civ.R. 60(B) incorporates a two-part standard. For relief under Civ.R. 60(B)(1), (2) or (3), the movant must seek relief "within a reasonable time, and * * * not more than one year after the judgment." Relief under Civ.R. 60(B)(4) and (5) is not subject to the one-year limitation, but must still be sought within a reasonable time. This court has stated that "[j]ust because a Civ.R. 60(B) motion is filed within one year of the underlying judgment does not mean the motion was filed within a reasonable time." *GMAC Mtge. v. Lee*, 10th Dist. No. 11AP-796, 2012-Ohio-1157, ¶ 21, citing *EMC Mtge. Corp. v. Pratt*, 10th Dist. No. 07AP-214, 2007-Ohio-4669, ¶ 8, citing *Adomeit v. Baltimore*, 39 Ohio App.2d 97, 106 (8th Dist.1974). "The relief provided by Civ.R. 60(B) is equitable in nature, and a party must act diligently to be entitled to it." *Id.* at ¶ 23, citing *Morris v. Grubb*, 2d Dist. No. 15177 (Mar. 8, 1996). "Failure to seek relief

from judgment for a substantial period of time after the movant is aware of the grounds for relief demonstrates a lack of due diligence."  *Id.*, citing *Morris.*

{¶ 10}  Here, the trial court noted that appellant knew of the September 23, 2018 default judgment within three weeks of its entry, as her counsel sent a communication on October 15, 2018 expressly seeking to resolve the matter in lieu of pursuing an appeal or a Civ.R. 60(B) motion; further, appellant was aware at that time of her basis for seeking relief from judgment.  The court also noted that by November 2018, appellant had sold her home, but chose to utilize the proceeds to pay off other debts rather than to fund further legal proceedings related to the default judgment.  Having so found, the trial court concluded:

> Defendant made the deliberate choice to try to settle this matter outside of the court system.  While this decision may have been reasonable for the "short term," it should have been evident that there was no meeting of the minds and there was a clear disagreement between the parties as to the amount owed.  In fact, Defendant believed she was entitled to a refund. Plaintiff did not mislead Defendant regarding the potential for settlement to cause her to forego filing a Civ.R. 60(B) motion. As to these circumstances, the delay of 364 days with simply not reasonable.  Therefore, the Court finds Defendant has not established this prong of the GTE test.

(Mar. 11, 2020 Decision & Entry Denying Def.'s Mot. for Relief From Jgmt. and Notice of Final and Appealable Order, at 16.)

{¶ 11}  In her briefing, appellant explains how she utilized the proceeds from the sale of her house and why she could not afford to hire an attorney to represent her for nearly one year following entry of the default judgment.  Appellant asserts that she testified to these matters at the hearing.  However, we are unable to review appellant's argument because she has failed to file a transcript of the trial court proceedings.  Pursuant to App.R. 9(B)(3), an "appellant shall order the transcript in writing and shall file a copy of the transcript with the clerk of the trial court."  " ' "When portions of the transcript necessary for resolution of assigned errors are omitted from the record, the reviewing court has nothing to pass upon and thus, as to those assigned errors, the court has no choice but to presume the validity of the lower court's proceedings, and affirm." ' "  *State v. Rohrig*, 10th Dist. No. 20AP-579, 2021-Ohio-3903, ¶ 6, quoting *Pond v. Pond*, 10th Dist. No. 20AP-262,

2021-Ohio-1708, ¶ 5, quoting *Knapp v. Edwards Laboratories*, 61 Ohio St.2d 197, 199 (1980).

{¶ 12} Here, without the benefit of a transcript, we must presume the validity of the trial court's discretionary finding that appellant failed to meet her burden of establishing that she filed her Civ.R. 60(B) motion within a reasonable time after the default judgment was entered. As noted above, the requirements for Civ.R. 60(B) relief are listed in the conjunctive; if any one is not met, the motion must be denied. *Luke*, 10th Dist. No. 16AP-766, 2018-Ohio-1065 at ¶ 21, citing *Rose Chevrolet, Inc.*, 36 Ohio St.3d at 20 (1988); *Lee*, 10th Dist. No. 11AP-796, 2012-Ohio-1157 at ¶ 23, citing *Billiter v. Winship*, 10th Dist. No. 93AP-176 (Sept. 28, 1993). Having concluded that the trial court did not abuse its discretion by determining that appellant did not establish the timeliness of her motion, we need not address appellant's argument regarding grounds for relief under Civ.R. 60(B)(5). *Id.*

{¶ 13} For the foregoing reasons, appellant's three assignments of error are overruled and the judgment of the Franklin County Court of Common Pleas is affirmed.

*Judgment affirmed.*

DORRIAN, P.J., and MENTEL, J., concur.