[Cite as *Chopin v. Taiwo*, 2025-Ohio-5534.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Joseph Chopin, | : | |
| Plaintiff-Appellant, | : | |
| | | No. 25AP-341 |
| v. | : | (C.P.C. No. 20JU-3140) |
| Margret Taiwo, | : | (REGULAR CALENDAR) |
| Defendant-Appellee. | : | |

D E C I S I O N

Rendered on December 11, 2025

**On brief:** *Joseph Chopin*, pro se. **Argued:** *Joseph Chopin*.

APPEAL from the Franklin County Court of Common Pleas,
Division of Domestic Relations and Juvenile Branch

PER CURIAM.

{¶ 1} Plaintiff-appellant Joseph Chopin ("father") challenges a decision of the Franklin County Court of Common Pleas, Division of Domestic Relations and Juvenile Branch, that denied his Civ.R. 60(B) motion for relief from judgment.

## I. Facts and Procedural History

{¶ 2} On March 16, 2020, father filed a complaint for allocation of parental rights/custody regarding his minor child, N.O. Defendant-appellee Margret Taiwo ("mother"), N.O.'s mother, filed an answer and counterclaim on June 16, 2020. After extensive motion practice in the trial court, the case eventually came to trial before a magistrate judge on March 11 and 12, July 28, and October 22, 2021. Father proceeded pro se while mother was represented by counsel. On March 16, 2023, the magistrate issued a decision designating mother as the sole residential parent and legal custodian of N.O. and granting father scheduled parenting time. The magistrate's decision also resolved or

rendered moot other pending motions, including questions of child support, tax dependency exemption, and contempt. The same day, March 16, 2023, the trial court adopted the magistrate's decision and entered judgment, pending the filing of objections. Neither party filed objections to the magistrate's decision.

{¶ 3} On December 17, 2024, father filed a Civ.R. 60(B) motion for relief from judgment, specifically citing Civ.R. 60(B)(2), (3), and (5). Father failed to file an affidavit supporting his motion for relief from judgment. Mother failed to file a formal memorandum contra. On April 11, 2025, the trial court denied father's Civ.R. 60(B) motion for relief from judgment. Father timely appealed.

## II. Assignment of Error

{¶ 4} Father assigns the following error for our review:

> The trial court abused its discretion and committed reversible error by denying Appellant's **Civ.R. 60(B)** Motion for Relief from Judgment despite uncontested and corroborated evidence of both **extrinsic fraud** and **intrinsic fraud**, sustained judicial misconduct, and repeated violations of due process. This evidence—which included signed agreements, unrebutted documentation of abuse, and systematic procedural irregularities—was neither refuted by Appellee nor rebutted by the guardian ad litem. Yet, the trial court issued a blanket denial without a hearing or factual analysis.

(Emphasis in original.)

## III. Discussion

{¶ 5} A Civ.R. 60(B) motion for relief from judgment will succeed only if the movant successfully establishes all three of the following: (1) a meritorious defense or claim if relief is granted; (2) entitlement to relief under one of the provisions of Civ.R. 60(B)(1) through (5); and (3) timeliness of the motion. *Village at Galloway Run Condominium Assn. v. Taylor*, 2024-Ohio-2344, ¶ 11 (10th Dist.). Failure to establish any of these prerequisites is fatal to the Civ.R. 60(B) motion. *Id.*, citing *Argo Plastic Prod. Co. v. Cleveland*, 15 Ohio St.3d 389, 391 (1984) and *GTE Automatic Elec., Inc. v. ARC Industries, Inc.*, 47 Ohio St.2d 146, 151 (1976).

{¶ 6} We would typically review a decision denying a Civ.R. 60(B) motion for an abuse of discretion. *Id.* at ¶ 12, citing *Rose Chevrolet, Inc. v. Adams*, 36 Ohio St.3d 17, 21 (1988) and *Strack v. Pelton*, 1994-Ohio-107, ¶ 10. In this case, however, we must apply a

plain error standard of review because father failed to file objections to the magistrate's decision. *See* Civ.R. 53(D)(3)(b)(iv) ("Except for a claim of plain error, a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion . . . unless the party has objected to that finding or conclusion as required by Civ.R. 53(D)(3)(b)."); *PHH Mtge. Corp. v. Santiago*, 2012-Ohio-942, ¶ 7-8 (10th Dist.) ("[B]ecause appellant failed to file objections to the magistrate's decision, we are limited to plain error review in considering her appeal."). Courts may apply the plain error doctrine in the civil context "only in the extremely rare case involving exceptional circumstances where error seriously affects the basic fairness, integrity, or public reputation of the judicial process itself." *Recovery Funding, LLC v. Leader Technologies, Inc.*, 2018-Ohio-5364, ¶ 8 (10th Dist.), citing *Brown v. Zurich US*, 2002-Ohio-6099, ¶ 27 (10th Dist.).

{¶ 7}   In his sole assignment of error, father contends the trial court abused its discretion in denying his Civ.R. 60(B) motion for relief from judgment. As already noted, we review the trial court's decision for plain error, not abuse of discretion. The trial court denied father's motion, in part, because it found father failed to file the motion in a timely and diligent manner. Father filed his Civ.R. 60(B) motion 21 months after the trial court entered its judgment, specifically citing Civ.R. 60(B)(2), (3), and (5). To timely file under Civ.R. 60(B)(2) and (3), "[t]he motion shall be made . . . not more than one year after the judgment." Civ.R. 60(B). To timely file under Civ.R. 60(B)(5), "[t]he motion shall be made within a reasonable time." Civ.R. 60(B). *See Yaklevich v. Dinneen*, 2021-Ohio-4531, ¶ 9 (10th Dist.) (delineating the timeliness standards established by Civ.R. 60(B)). The trial court noted that because father failed to file an affidavit with his motion, his claims about new evidence and procedural irregularities that might justify a delayed motion lack evidentiary support. The court therefore found the motion's delay of 21 months to be untimely under both the one-year timeline and the "reasonable time" standard of Civ.R. 60(B).

{¶ 8}   We agree with the reasoning and conclusion of the trial court. Father did not timely file his motion for relief from judgment. The trial court's finding does no harm to "the basic fairness, integrity, or public reputation of the judicial process," and for that reason, plain error does not apply. *Recovery Funding, LLC* at ¶ 8.

{¶ 9} Although the trial court found father also failed to establish the other two prerequisites to a Civ.R. 60(B) motion, we need not address those arguments. "As noted above, the requirements for Civ.R. 60(B) relief are listed in the conjunctive; if any one is not met, the motion must be denied." *Yaklevich* at ¶ 12, citing *Luke v. Roubanes*, 2018-Ohio-1065, ¶ 21 (10th Dist.). *See Village at Galloway Run Condominium Assn.*, 2024-Ohio-2344, at ¶ 11 (10th Dist.); *Recovery Funding, LLC*, 2018-Ohio-5364, at ¶ 13 (10th Dist.) ("Although the trial court also found that appellant failed to meet other requirements for Civ.R. 60(B) relief, we need not address those issues because appellant is not entitled to relief if his motion is untimely."). The trial court did not err in denying the untimely Civ.R. 60(B) motion. Thus, we find no error, let alone plain error, in the trial court's decision. Accordingly, we overrule father's sole assignment of error.

## IV. Conclusion

{¶ 10} Having overruled father's sole assignment of error, we affirm the judgment of the Franklin County Court of Common Pleas, Division of Domestic Relations and Juvenile Branch.

*Judgment affirmed.*

JAMISON, P.J., DORRIAN and LELAND, JJ., concur.

————————