[Cite as *Colby v. Colby*, 2016-Ohio-2903.]

COURT OF APPEALS
DELAWARE COUNTY, OHIO
FIFTH APPELLATE DISTRICT


PATRICIA F. COLBY

      Plaintiff-Appellant

-vs-

RICHARD B. COLBY, JR.

      Defendant-Appellee

JUDGES:
Hon. Sheila G. Farmer, P. J.
Hon. William B. Hoffman, J.
Hon. John W. Wise, J.

Case No. 15 CAF09 0068

O P I N I O N


CHARACTER OF PROCEEDING:        Civil Appeal from the Court of Common Pleas, Domestic Relations Division, Case No.  12 DRA 09 0465


JUDGMENT:        Affirmed


DATE OF JUDGMENT ENTRY:        May 5, 2016


APPEARANCES:

For Plaintiff-Appellant

BARRY H. WOLINETZ
WOLINETZ LAW OFFICES LLC
250 Civic Center Drive
Suite 220
Columbus, Ohio  43215

For Defendant-Appellee

ROBERT J. BEHAL
JEFFREY A. EYERMAN
THE BEHAL LAW GROUP LLC
501 South High Street
Columbus, Ohio  43215

*Wise, J.*

{¶1}    Plaintiff-Appellant Patricia F. Colby appeals the judgment of the Delaware County Court of Common Pleas, Domestic Relations Division, which granted her a divorce from Defendant-Appellee Richard B. Colby, Jr. The relevant facts leading to this appeal are as follows.

{¶2}    Appellant Patricia and Appellee Richard were married on May 28, 1988. Three children were born of the marriage. The oldest two children were emancipated as of the date of the decree. The youngest is deceased.

{¶3}    During the marriage, appellant started a political consulting business known as Colby and Company, Inc. Appellant was president of the company for a time. Eventually, appellee became president and appellant took on the position of CEO.

{¶4}    Appellant filed a complaint for divorce Delaware County on September 12, 2012. Colby and Company, Inc., was thereafter joined as a party to the action.[1] Appellee filed no answer and/or counterclaim.

{¶5}    On February 19, 2015, appellant filed a motion to show cause regarding payment of spousal support under the trial court's temporary orders. Appellant filed a second show cause motion on March 6, 2015 regarding appellee's alleged failure to join in a filing for bankruptcy, also as required under the temporary orders. In addition, appellant filed two show cause motions on March 26, 2015 on multiple issues.

{¶6}    The divorce action proceeded to a trial before a magistrate on June 22 and 23, 2015. The witnesses called were appellant, appellee, and Reg Martin of Martin

---

[1]    Neither party provided an appraisal or evaluation of the company for the court record. *See* Magistrate's Decision at 9.

Management Services, who had been appointed as the receiver for Colby and Company in March 2015.

{¶7} The magistrate issued a twenty-two page decision on June 26, 2015, recommending the granting of a divorce and the terms thereof. The decision added a three-page exhibit listing the parties' main assets and extensive itemized debts.

{¶8} Among other things, the magistrate determined in her decision that the parties' marital residence on Tartan Fields Drive in Dublin, Ohio, was marital property with an appraised value of $579,000.00, but that "[t]he parties lost any equity in the Tartan Fields home not only because of [a] foreclosure, but also because of their inability to cooperate in listing the home for sale and their failure to timely prepare the home for showing." Decision at 6. The magistrate also found that the parties' other real property in Ashland, Kentucky, currently in use as a rental unit under a U.S. Department of Housing and Urban Development program, was marital property with an appraised value of $45,000.00. *Id.* at 3-4. The Kentucky property was ultimately awarded to appellant. *Id.* at 17.

{¶9} The magistrate also determined, in regard to property division, that appellee would be "awarded all stock and ownership of Colby and Company, Inc., free and clear of any claim by [appellant] and subject to all business debt thereon." *Id.* at 18. In regard to spousal support, the magistrate recommended that appellee pay appellant $3,000.00 per month for nine years, effective July 1, 2015.

{¶10} On July 10, 2015, appellant filed objections to the magistrate's decision.

{¶11} On August 12, 2015, the trial court issued a judgment entry denying all of appellant's objections.

{¶12} On August 13, 2015, the trial court issued a final judgment entry of divorce.

{¶13} On August 26, 2015, appellant filed a motion for relief from judgment pursuant to Civ.R. 60(B) and a motion for a new trial pursuant to Civ.R. 59. Via a judgment entry issued September 9, 2015, the trial court denied both motions.

{¶14} On September 10, 2015, appellant filed a notice of appeal as to the aforesaid decree of divorce. She herein raises the following seven Assignments of Error:

{¶15} "I. THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION WITH REGARD TO ITS SPOUSAL SUPPORT AWARD.

{¶16} "II. THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION WHEN IT FAILED TO AWARD WIFE DISTRIBUTIONS FROM COLBY & COMPANY, INC. FOR THE YEARS 2013, 2014 AND 2015 WHILE SHE WAS A 50% OWNER.

{¶17} "III. THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION WHEN IT FAILED TO ORDER THAT WIFE BE HELD HARMLESS ON CORPORATE TAXES OWED DUE TO DISTRIBUTIONS THAT WIFE DID NOT RECEIVE.

{¶18} "IV. THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION WHEN IT FOUND WIFE WAS NOT ENTITLED TO A SEPARATE PROPERTY INTEREST IN THE REAL PROPERTY LOCATED AT 3929 BLACKBURN AVENUE, ASHLAND, KENTUCKY.

{¶19} "V. THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION WHEN IT FOUND WIFE WAS NOT ENTITLED TO A SEPARATE PROPERTY INTEREST IN THE REAL PROPERTY LOCATED AT 8447 TARTAN FIELDS DRIVE, DUBLIN, OHIO AND FAILED TO OTHERWISE ADEQUATELY COMPENSATE HER FOR HER INTEREST.

**{¶20}** VI. THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION WHEN IT FAILED TO FIND HUSBAND IN CONTEMPT AND FAILED TO ORDER HUSBAND TO REIMBURSE WIFE AND TO AWARD ATTORNEY'S FEES TO WIFE.

**{¶21}** VII. THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION WHEN IT FAILED TO COMPENSATE WIFE FOR HUSBAND'S MISCONDUCT."

I.

**{¶22}** In her First Assignment of Error, appellant contends the trial court erred and abused its discretion in establishing the spousal support obligation payable by appellee. We disagree.

**{¶23}** A trial court's decision concerning spousal support may only be altered if it constitutes an abuse of discretion. *See Kunkle v. Kunkle* (1990), 51 Ohio St.3d 64, 67, 554 N.E.2d 83. An abuse of discretion connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable. *Blakemore v. Blakemore,* 5 Ohio St.3d 217, 450 N.E.2d 1140 (1983). It has been aptly recognized that "[w]hile each case is unique, and hard and fast rules are not applicable, courts generally award spousal support for lengthy periods after marriages of long duration.*" Barrientos v. Barrientos,* 3rd Dist. Hancock No. 5–12–13, 2013-Ohio-424, ¶ 36.

**{¶24}** R.C. 3105.18(C)(1)(a) through (n) provides as follows in regard to a trial court's adjudication of the issue of spousal support:

**{¶25}** "(C)(1) In determining whether spousal support is appropriate and reasonable, and in determining the nature, amount, and terms of payment, and duration of spousal support, which is payable either in gross or in installments, the court shall consider all of the following factors:

**{¶26}** "(a) The income of the parties, from all sources, including, but not limited to, income derived from property divided, disbursed, or distributed under section 3105.171 of the Revised Code; (b) The relative earning abilities of the parties; (c) The ages and the physical, mental, and emotional conditions of the parties; (d) The retirement benefits of the parties; (e) The duration of the marriage; (f) The extent to which it would be inappropriate for a party, because that party will be custodian of a minor child of the marriage, to seek employment outside the home; (g) The standard of living of the parties established during the marriage; (h) The relative extent of education of the parties; (i) The relative assets and liabilities of the parties, including but not limited to any court-ordered payments by the parties; (j) The contribution of each party to the education, training, or earning ability of the other party, including, but not limited to, any party's contribution to the acquisition of a professional degree of the other party; (k) The time and expense necessary for the spouse who is seeking spousal support to acquire education, training, or job experience so that the spouse will be qualified to obtain appropriate employment, provided the education, training, or job experience, and employment is, in fact, sought; (l) The tax consequences, for each party, of an award of spousal support; (m) The lost income production capacity of either party that resulted from that party's marital responsibilities; (n) Any other factor that the court expressly finds to be relevant and equitable."

**{¶27}** While R.C. 3105.18(C)(1), *supra,* does set forth fourteen factors the trial court must consider, if the court does not specifically address each factor in its order, a reviewing court will presume each factor was considered, absent evidence to the contrary. *Carroll v. Carroll,* 5th Dist. Delaware No. 2004–CAF–05035, 2004-Ohio-6710, ¶ 28, citing

*Watkins v. Watkins,* 5th Dist. Muskingum No. CT 2001–0066, 2002-Ohio-4237, ¶ 21 (additional citations omitted).

**{¶28}** In the case *sub judice*, we reiterate the magistrate ordered spousal support to appellant in the amount of $3,000.00 per month for a term of nine years, and said amount was adopted by the trial court upon appellant's Civ.R. 53 objections. At the time of trial, both parties were in their mid-fifties, and the marriage duration was twenty-seven years. Both have an educational level of master's degree. Tr. at 153, 226. Neither party had built up very large retirement accounts: appellant's total was found to be about $36,000.00, while appellee's was found to be about $44,000.00. The parties were apparently living well above their means during the marriage, accumulating a substantial amount of consumer, tax, and mortgage debt.[2] While appellant, presently unemployed, has battled cancer in the past and has applied for SSD, the magistrate found no evidence of inability to be employed. Appellant proposed a personal post-divorce monthly budget of more than $7,400.00 per month, which was found to be unreasonable. Appellee continues to work for Colby and Company, presently receiving a salary of $72,000.00 per year while the company is in receivership, although the magistrate appeared to have determined that the funds available to appellant annually from company operations, based on a three-year past average, would be $161,880.00, but for the receivership. The magistrate specifically noted that appellee would be taking on about $170,000.00 in company debt.

---

[2] In fairness, we also observe that the family unfortunately incurred substantial medical expenses over time.

**{¶29}** Appellant's challenge to the spousal support order is clearly the top priority of her brief. She has provided a multi-prong argument on the issue, which, in the interest of judicial economy, we will herein summarize and answer simultaneously: We find the trial court did not abuse its discretion in finding upon objection that the addition of $3,000 in monthly company income ($22,000.00 versus $19,000.00) was immaterial as to its spousal support calculation. The trial court also acted within its discretion in finding appellant was not entitled to a portion of any future company distributions, as she will no longer be a shareholder of the company and will have no responsibility for the company's debt. We find the trial court, in its establishment of a spousal support obligation via its application and discussion of all the relevant statutory factors, also fully acknowledged and considered the company benefits appellee receives. Finally, in regard to the trial court's decision not to obligate appellee to providing life insurance for appellant, such a decision is clearly within the discretion of the trial court on a case-by-case basis (*see Forchione v. Forchione,* 5th Dist. Stark No. 2012CA00085, 2013-Ohio-1761, ¶13), and we find no compelling reason to alter same in the case *sub judice*.

**{¶30}** Upon careful review of the record, we are unpersuaded the trial court abused its discretion in adopting the magistrate's award of spousal support to appellant of $3,000.00 per month to be paid over nine years under the facts and circumstances of this case.

**{¶31}** Appellant's First Assignment of Error is therefore overruled.

II., III.

**{¶32}** In her Second Assignment of Error, appellant contends the trial court erred in declining to award her certain alleged distributions from Colby and Company for the

years 2013, 2014, and 2015. In her Third Assignment of Error, appellant argues the trial court erred in failing to order that she would be held harmless on corporate taxes owed on such alleged distributions. We disagree on both counts.

**{¶33}** An appellate court generally reviews the overall appropriateness of the trial court's property division in divorce proceedings under an abuse-of-discretion standard. *Cherry v. Cherry* (1981), 66 Ohio St.2d 348, 421 N.E.2d 1293. In order to find an abuse of discretion, we must determine that the trial court's decision was unreasonable, arbitrary, or unconscionable and not merely an error of law or judgment. *Blakemore, supra.* Furthermore, as an appellate court, we are not the trier of fact. Our role is to determine whether there is relevant, competent, and credible evidence upon which the factfinder could base his or her judgment. *Tennant v. Martin–Auer,* 188 Ohio App.3d 768, 936 N.E.2d 1013, 2010-Ohio-3489, ¶ 16, citing *Cross Truck v. Jeffries,* 5th Dist. Stark No. CA–5758, 1982 WL 2911.

**{¶34}** Where a business entity is structured as a Subchapter S corporation, profits pass through directly to the corporation's shareholders on a *pro rata* basis and are reported on the shareholders' individual tax returns. *See Tetlak v. Bratenahl*, 92 Ohio St.3d 46, 54, 748 N.E.2d 51, 2001-Ohio-129, citing *Gitlitz v. Commr. of Internal Revenue* (2001), 531 U.S. 206, 209, 121 S.Ct. 701, 148 L.Ed.2d 613; 26 U.S.C.A. § 1363.

**{¶35}** In the case *sub judice*, appellant takes the position that even though she remained a fifty-percent owner of Colby and Company until finalization of the divorce, she received no formal profit distributions in 2013, 2014, or partial-year 2015, but the trial court nonetheless assigned more than $30,000.00 of the 2013 tax liability to her based on her supposed "receipt" of $109,000.00 in Schedule K-1 income. Appellant thus

maintains that it was error either to fail to award her with fifty percent of the 2013, 2014, and partial 2015 distributions or to fail to "hold her harmless" on taxes during this time period.

**{¶36}** In addressing these issues upon appellant's objection to the decision of the magistrate, the trial court found as follows:

As for the wife's claim that she did not receive in 2013 the income that she should have received from the company, the record before me suggests that both parties received whatever income the company generated that year, and *then they promptly spent it*. Presumably each year the company's income was attributable to her and to the husband in their roles as the company's sole shareholders -whether they actually received checks from the company for the attributed amount or not - and *then the two of them (first as a couple and later as separate householders) used the company's income to pay their day-to-day living expenses.* I am not willing to find that the husband must pay additional money to the wife now when other court orders have already adequately addressed payments that he ought to make to her. The company's and the parties' assets are what they are at this point, and I cannot compel the husband to pay money to the wife when that money has already been spent by the two of them for their daily living expenses.

**{¶37}** Judgment Entry, August 12, 2015, at 6-7 (emphasis added).

**{¶38}** A trial court should be given wide latitude in dividing property between the parties. *See Koegel v. Koegel* (1982), 69 Ohio St.2d 355, 432 N.E.2d 206. Upon review,

we are unable to find an abuse of discretion either in the magistrate's redress of these issues of Subchapter S corporate tax liabilities or in the trial court's above holding in ruling upon appellant's Civ.R. 53 objection.

{¶39} Appellant's Second and Third Assignments of Error are therefore overruled.

IV., V.

{¶40} In her Fourth and Fifth Assignments of Error, appellant contends the trial court erred in determining she had no separate property interests in the Kentucky realty and the Tartan Fields residence. We disagree.

{¶41} Pursuant to R.C. 3105.171(B), "[i]n divorce proceedings, the court shall *** determine what constitutes marital property and what constitutes separate property. In either case, upon making such a determination, the court shall divide the marital and separate property equitably between the spouses, in accordance with this section. * * * "

{¶42} Trial court decisions in divorce actions regarding the classification of separate and marital property are not reversed unless there is a showing of an abuse of discretion. *See Valentine v. Valentine,* 5th Dist. Ashland No. 95COA01120, 1996 WL 72608, citing *Peck v. Peck,* 96 Ohio App.3d 731, 734, 645 N.E.2d 1300 (12th Dist.1994). In order to find an abuse of discretion, we must determine the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. *Blakemore*, *supra*.

{¶43} In support of her claim regarding the Kentucky property, appellant directs us to her unrefuted testimony at trial that she supplied the down payment (15%) from an inheritance she received in 1995. As to the Tartan Fields residence, appellant testified that she used another portion of the inheritance money to pay a $35,000.00 down

payment on said property. *See* Tr. at 75-76, 101-102, 227-233. However, appellant does not presently dispute that she provided no written documentation at trial of these alleged transactions.

**{¶44}** The characterization of property as separate or marital must also be supported by sufficient, credible evidence. *See Chase–Carey v. Carey*, 5th Dist. Coshocton No. 99CA1, 1999 WL 770172. The party to a divorce action seeking to establish that an asset or portion of an asset is separate property, rather than marital property, has the burden of proof by a preponderance of evidence. *Cooper v. Cooper*, 5th Dist. Licking No. 14 CA 100, 2015-Ohio-4048, ¶ 45, citing *Zeefe v. Zeefe* (1998), 125 Ohio App.3d 600, 614, 709 N.E.2d 208. Furthermore, the trier of fact is in a far better position to observe the witnesses' demeanor and weigh their credibility. *See, e.g., Taralla v. Taralla,* Tuscarawas App. No. 2005 AP 02 0018, 2005-Ohio-6767, 2005 WL 3484130, ¶ 31, citing *State v. DeHass* (1967), 10 Ohio St.2d 230, 227 N.E.2d 212.

**{¶45}** Upon review, we find no reversible error or abuse of discretion in the trial court's characterization of the real property in question.

**{¶46}** Appellant's Fourth and Fifth Assignments of Error are overruled.

VI.

**{¶47}** In her Sixth Assignment of Error, appellant contends the trial court erred in declining to find appellee in contempt regarding aspects of the court's temporary orders. We disagree.

**{¶48}** Our standard of review regarding a finding of contempt is limited to a determination of whether the trial court abused its discretion. *Wadian v. Wadian,* 5th Dist. Stark No. 2007CA00125, 2008-Ohio-5009, ¶ 12, citing *In re Mittas*, 5th Dist. Stark No.1994

CA 00053, 1994 WL 477799. Likewise, an award of attorney fees lies within the sound discretion of the trial court. *Rand v. Rand* (1985), 18 Ohio St.3d 356, 359, 481 N.E.2d 609. However, "*** because the purpose of a civil contempt motion is to compel compliance with the court's order rather than to punish disobedience, when compliance becomes moot, the contempt proceeding is also moot." *Robinette v. Bryant*, 4th Dist. Lawrence No. 14CA28, 2015-Ohio-119, ¶ 47, citing *Sheridan v. Hagglund,* 4th Dist. Meigs No. 13CA6, 2014–Ohio–4031, ¶ 22.

**{¶49}** Appellant concedes in her brief that all of her contempt motions were based on the temporary orders issued on December 30, 2014, while the divorce was pending. The magistrate's decision recommending divorce, issued June 26, 2015, specifically terminated said temporary orders, except that appellee was ordered to pay a past-due arrearage of spousal support by December 31, 2015. *See* Magistrate's Decision at 21. Under these circumstances, we find appellant's arguments as to appellee's alleged failure to file for bankruptcy and provide certain company documents for trial, are, as to the question of contempt, now moot for purposes of this direct appeal, as an appellate court is not required to render an advisory opinion or to rule on a question of law that cannot affect matters at issue in a case. *See Ambrose v. Galena*, 5th Dist. Delaware No. 15 CAH 01 0011, 2015-Ohio-3157, ¶ 29, citing *State v. Bistricky* (1990), 66 Ohio App.3d 395, 584 N.E.2d 75. *See, also, Robinette, supra*. In regard to the rulings on appellee's alleged failure to pay her $1,000.00 concerning a payment from Amgen, one of the company's clients, and to pay certain cell phone and house expenses during the pendency of the divorce, we find the court's determinations to be within its discretion. Finally, as to the issue of unpaid temporary spousal support, we find the court's remedy of setting a date

certain for payment in lieu of a contempt finding was also within the bounds of its discretion.

**{¶50}** Accordingly, appellant's Sixth Assignment of Error is overruled.

VII.

**{¶51}** In her Seventh Assignment of Error, appellant contends the trial court erred in failing to compensate her for appellee's alleged misconduct.

**{¶52}** R.C. 3105.171(E)(4) directs that "[i]f a spouse has engaged in financial misconduct, including, but not limited to, the dissipation, destruction, concealment, nondisclosure, or fraudulent disposition of assets, the court may compensate the offended spouse with a distributive award or with a greater award of marital property." However, Civ.R. 53(D)(3)(b)(iv) provides that except for cases of plain error, "[a] party shall not assign as error on appeal the court's adoption of any factual findings or legal conclusion * * * unless the party has objected to that finding or conclusion * * *." *See, e.g., Stamatakis v. Robinson,* 5th Dist. Stark No. 96CA303, 1997 WL 115878. Such objections to a magistrate's decision must be specific. *North v. Murphy*, 5th Dist. Tuscarawas No. 2000AP050044, 2001 WL 246419.

**{¶53}** As appellee notes in his response brief, appellant's objections to the decision of the magistrate, while naturally making a number of references to appellee's actions during the marriage and divorce proceedings, make no specific challenge to the magistrate's actual finding of no financial misconduct as to appellee (*see* Decision at ¶54). Furthermore, we find no basis to invoke the doctrine of plain error on this assigned error.

{¶54} Appellant's Seventh Assignment of Error is therefore overruled.

{¶55} For the reasons stated in the foregoing opinion, the judgment of the Court of Common Pleas, Domestic Relations Division, Delaware County, Ohio, is affirmed.

By: Wise, J.

Farmer, P. J., and

Hoffman, J., concur.

JWW/d 0414