[Cite as *Hazelwood Assn., Inc. v. Helfrich*, 2022-Ohio-174.]

COURT OF APPEALS
LICKING COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | |
|---|---|
| HAZELWOOD ASSOCIATION, INC. | JUDGES:<br>Hon. Earle E. Wise, Jr., P.J. |
| Plaintiff-Appellee | Hon. William B. Hoffman, J.<br>Hon. Craig R. Baldwin, J. |
| -vs- | |
| | Case No. 2021 CA 00033 |
| JAMES HELFRICH | |
| Defendant-Appellant | O P I N I O N |


CHARACTER OF PROCEEDINGS:    Appeal from the Licking County Court of
Common Pleas, Case No. 21 CV 043


JUDGMENT:    Reversed

DATE OF JUDGMENT ENTRY:    January 24, 2022


APPEARANCES:


For Plaintiff-Appellee                    For Defendant-Appellant

DANIEL J. BENNETT                    JAMES HELFRICH
Bennett Law Group, LLC               P.O. Box 921
81 Mill Street, Suite #300            Pataskala, Ohio 43062
Gahanna, Ohio 43230

*Hoffman, J.*

**{¶1}** Defendant-appellant James C. Helfrich appeals the judgment entered by the Licking County Common Pleas Court granting Plaintiff-appellee's Civ. R. 60(B) motion for relief from judgment.

STATEMENT OF THE CASE[1]

**{¶2}** On October 8, 2020, Appellee filed the instant action as a small claims complaint in the Licking County Municipal Court, claiming Appellant owed Appellee homeowners' association fees totaling $4,432.73. Appellant filed a jury demand and a request to transfer the action from small claims court to municipal court. The request to transfer was overruled.

**{¶3}** Appellant filed a renewed motion to transfer the case to municipal court on December 15, 2020. By judgment entry filed December 22, 2020, the small claims court found during an email exchange between Appellant and Appellee, Appellant notified Appellee it intended to call counsel for Appellee as a witness at trial. Appellee responded if Appellant did so, the retention of outside counsel for Appellee would be required, the fees of which would be eligible as damages estimated at $15,000.00 to $25,000.00. Because this potential damage award would exceed the monetary jurisdiction of both the small claims and general divisions of the Licking County Municipal Court, the small claims division transferred the case to the Licking County Common Pleas Court (hereinafter "trial court").

**{¶4}** On December 23, 2020, the clerk of the trial court sent both parties a notice, which read as follows:

---

[1] A rendition of the facts is unnecessary to the issues raised in this appeal.

To Whom It May Concern:

Our office has received a transfer case from Licking County Municipal Court, 20 CVI 138, Hazelwood Association, Inc. vs. James Helfrich. Unfortunately, we are unable to file it without the deposit of $200.00.

Please remit $200 to the address below as soon as possible.

**{¶5}** An identical "second request" was sent to the parties on January 5, 2021. On January 19, 2021, the following notice was sent from the clerk to the parties:

TO WHOM IT MAY CONCERN:

THIS OFFICE HAS RECEIVED CASE 20 CVI 138 AS A TRANSFER FROM THE LICKING COUNTY MUNICIPAL COURT. WE FILED THE CASE HERE IN LICKING COUNTY ON 1/19/21 AS CASE 2021 CV 00043. THE CASE WAS ASSIGNED TO JUDGE THOMAS M. MARCELAIN.

PLEASE REMIT $200.00 TO THE ADDRESS BELOW.

**{¶6}** Without further notice, on February 2, 2021, the trial court dismissed the case pursuant to Civ. R. 41(B)(1) for failure to prosecute.

**{¶7}** Appellee filed a motion for relief from judgment pursuant to Civ. R. 60(A) and Civ. R. 60(B)(1) and (5) on March 29, 2021. Appellee argued pursuant to Civ. R. 60(A), the trial court's dismissal with prejudice pursuant to Civ. R. 41(B)(1) was a clerical error, which should be corrected. Appellee argued pursuant to Civ. R. 60(B), it did not

receive notice the case could be dismissed for failing to pay the filing fees, and further the notice sent by the clerk was ambiguous as to which party was responsible for paying the filing fee.

{¶8} Following a hearing, the trial court granted Appellee's motion for Civ. R. 60(B) relief, finding no notice of a possible dismissal was provided to Appellee.  The trial court reinstated the case.

{¶9} It is from the April 29, 2021 judgment of the trial court Appellant prosecutes his appeal, assigning as error:


I. DID THE TRIAL COURT ERROR WHEN IT GRANTED A CIVIL RULE 60(B) MOTION FOR RELIEF OF JUDGEMENT OF A DISMISSAL OF AN ACTION WHEN THE MOVING PARTY FAILED TO ARGUE THEIR CLAIMS FOR RELIEF WERE MERITORIOUS IF THE CASE WAS REINSTATED.

II. DID THE TRIAL COURT ERROR WHEN IT REINSTATED AN ACTION AS A RESULT OF THE TRIAL COURT'S MISTAKE.

III. DID THE TRIAL COURT ERROR WHEN IT GRANTED A MOTION FOR RELIEF OF JUDGEMENT AND NOT CONSIDER IF THE APPELLEES REASONS FOR WAITING 55 DAYS TO FILE WERE EXCUSABLE OR INEXCUSABLE.

IV. DID THE TRIAL COURT ERROR WHEN IT GRANTED A MOTION FOR RELIEF OF JUDGEMENT 55 DAYS AFTER A NOTICE OF DISMISSAL WAS FILED WHEN NO ADDITIONAL ARGUMENTS WERE

MADE THAT COULD NOT HAVE BEEN MADE ON THE DAY OF DISMISSAL.

V. DID THE TRIAL COURT ERROR WHEN IT GRANTED THE MOTION FOR RELIEF OF JUDGEMENT WITHOUT CONSIDERING THE DETRIMENT TO THE APPELLANT WITH THE LOSS OF DEFENSE.

VI. DID THE TRIAL COURT ERROR WHEN IT GRANTED A MOTION FOR RELIEF OF JUDGMENT AND NOT CONSIDER IF THE APPELLEES REASONS WERE EXCUSABLE OR INEXCUSABLE.

IV.

{¶10} In his fourth assignment of error, Appellant argues the trial court erred in granting Appellee's motion for Civ. R. 60(B) relief because the motion was a substitute for appeal. We address this assignment of error first because we find it to be dispositive of the appeal.

{¶11} "Civ.R. 60(B) exists to resolve injustices that are so great that they demand a departure from the strict constraints of res judicata. * * * However, the rule does not exist to allow a party to obtain relief from his or her own choice to forgo an appeal from an adverse decision." *Bank of Am., N.A. v. Kuchta,* 141 Ohio St.3d 75, 2014-Ohio-4275, 21 N.E.3d 1040, ¶ 15. *See also Doe v. Trumbull Cty. Children Servs. Bd.,* 28 Ohio St.3d 128, 502 N.E.2d 605 (1986), paragraph two of the syllabus ("[a] party may not use a Civ.R. 60(B) motion as a substitute for a timely appeal").

{¶12} "Where the defect of the judgment is apparent from the record, an appeal will lie; where it is not, relief must be sought under Civ.R. 60(B), because error cannot be

demonstrated from the record. * * * 'Thus, when one party merely reiterates arguments that concern the merits of the case and that could have been raised on appeal, relief under Civ.R. 60(B) is not available as a substitute for appeal.' " *Deutsche Bank Tr. Co. Americas v. Ziegler*, 2d Dist. Montgomery No. 26287, 2015-Ohio-1586, ¶ 56, *quoting Blount v. Smith*, 8th Dist. Cuyahoga No. 96991, 2012-Ohio-595, ¶ 9.

**{¶13}** Appellee argues based on the Ohio Supreme Court's decision in *Moore v. Emmanuel Family Training Ctr., Inc.,* 18 Ohio St.3d 64, 479 N.E.2d 879 (1985), Civ. R. 60(B) is the appropriate remedy to seek relief when a judgment of dismissal is rendered pursuant to Civ. R. 41(B)(1) without prior notice to the party affected. *Moore* involved two appeals where Civ. R. 60(B) relief was denied to a party whose case had been dismissed pursuant to Civ. R. 41(B)(1). In one of the two appeals, the trial court failed to give notice to Appellee, as required by Civ. R. 41(B)(1), that the case could be dismissed for failure to prosecute. In both cases, the Ohio Supreme Court found excusable neglect on the part of the plaintiff, and reversed the decisions of the trial court denying Civ. R. 60(B) relief.

**{¶14}** At the outset, we note the instant case is factually distinguishable from the two cases in *Moore* because it appears from the statement of facts in *Moore*, the plaintiffs did not receive proper notice of the dismissal entries from the trial court, thus potentially excusing their failure to take a timely direct appeal. *Id.* at 65.

**{¶15}** More importantly, the *Moore* court did not specifically address any argument the Civ. R. 60(B) motion was a substitute for appeal. While the *Moore* court did note the trial court failed to provide the notice required by Civ. R. 41(B)(1), the issue raised in the appeals, and the corresponding legal discussion of the court, centers on the issue of

whether the plaintiff demonstrated excusable neglect in the trial court. As noted by Justice Kennedy in her dissent in *State ex rel. Ryan Alternative Staffing, Inc. v. Moss*, 2021-Ohio-3539, ¶36, the court will not normally address issues not briefed by the parties, thereby injecting new arguments into the case. "As Judge Richard Posner once explained, 'we cannot write a party's brief, pronounce ourselves convinced by it, and so rule in the party's favor. That's not how an adversarial system of adjudication works.'" *Id., citing Xue Juan Chen v. Holder,* 737 F.3d 1084, 1085 (7th Cir. 2013). Thus, we decline to infer from *Moore* the general rule Civ. R. 60(B) may not be used as a substitute for appeal is not applicable when the trial court fails to give Civ. R. 41(B)(1) notice prior to dismissal. (*See, also, Svoboda v. City of Brunswick*, 6 Ohio St.3d 348, 352, 453 N.E.2d 648 (1983), where the dissenting justices noted the majority's discussion of the underlying trial court order and the failure to give Civ. R. 41(B)(1) notice prior to dismissal to be in error where the issue raised by the parties dealt with excusable neglect, and consideration of Civ. R. 41(B) would render the Civ. R. 60(B) motion a substitute for appeal).

{¶16} In *Worthington v. Admr., BWC*, 2nd Dist. No. 2020-CA-10, 2021-Ohio-978, 169 N.E.3d 735, the plaintiff's case was dismissed for failing to respond to a motion. She filed a motion for Civ. R. 60(B) relief, arguing her time to respond to the motion was extended due to the Covid-19 tolling rules. The trial court granted the motion.

{¶17} The Court of Appeals for the Second District reversed, finding the Civ. R. 60(B) motion to be a substitute for appeal:

Here, the matters at issue in connection with the initial involuntary dismissal were apparent in the record and could have been resolved on appeal. First, the tolling order of the Supreme Court of Ohio was available, and Worthington could have argued that the involuntary dismissal was erroneous based on that ground. Specifically, the March 27, 2020 tolling order for filing deadlines was imposed retroactively to March 9, 2020, and extended until July 30, 2020, or when the COVID-19 emergency ended, whichever was sooner. *In re Tolling of Time Requirements,* 158 Ohio St.3d 1447, 2020-Ohio-1166, 141 N.E.3d 974, at subsection (A) and (B)(2).

More importantly, Subsection (G) of the tolling order gave local courts authority to impose their own tolling orders. Specifically, this subsection stated:

"Notwithstanding the tolling of time requirements imposed by this order, the Court, local court, hearing panel, board, or commission, as applicable, may still require filing in accordance with existing rules and issue orders setting a specific schedule in a case or requiring parties to file documents by a specific due date if pertaining to a situation that requires immediate attention. A specific order in a case issued on or after March 9, 2020, shall supersede the tolling provisions of this order, unless otherwise noted in that specific order."

Consistent with this authority, the Miami County Common Pleas Court issued its own tolling order on March 20, 2020, stating, "All non-essential trials, hearings and proceedings in the criminal, civil and domestic

relations cases are hereby suspended and continued for a period of forty[-]five (45) days." See Further Temporary Order in Response to the Covid-19 (Coronavirus) Public Health Crisis (Miami C.P., Mar. 20, 2020). By its own terms, that order expired on May 4, 2020.

As the trial court noted in its entry granting relief from judgment, this would have extended the 14-day period for Worthington's response to May 18, 2020, which was after the court entered the involuntary dismissal. This was apparent on the face of the record, and Worthington could have raised it on appeal. Rather than doing so, Worthington filed a motion for relief from judgment.

**{¶18}** *Id.* at ¶¶23-26.

**{¶19}** We find the reasoning of the *Worthington* court equally applicable to the instant case. Appellee's claim it did not receive notice prior to dismissal was apparent from the face of the record on the date the case was dismissed, and Appellee could have raised it on direct appeal. At the Civ. R. 60(B) hearing, Appellee proffered the testimony of Donald Dye, previous counsel for Appellee, in support of its motion. In an affidavit setting forth his proffered testimony, Dye averred upon inquiry as to which party was to pay the filing fee, the clerk's office notified his office there was no rule stating which party needed to pay the fee. He further averred because he believed the case would be remanded to the Licking County Municipal Court if the fee was not paid in the Common Pleas Court, he took no action and ignored the two subsequent notices given by the clerk.

He further averred he received no notice, written or oral, his claims would be dismissed if Appellee failed to pay the filing fees.

{¶20} We find Appellee's arguments concerning who was required to pay the filing fees are a proverbial "red herring" in the instant case. Confusion over the payment of fees is irrelevant to the issue raised in its Civ. R. 60(B) motion, which was whether Appellee received notice of the possibility of dismissal. The record in this case affirmatively demonstrated on the date of dismissal, no notice had been provided to Appellee pursuant to Civ. R. 41(B)(1) its case could be dismissed for failure to prosecute. We find Appellee's argument it needed to provide evidence outside the record to demonstrate it did not receive oral notice is without merit. A direct appeal will lie from the improper dismissal of a case without providing notice where the lack of notice is demonstrated by the record, as it was in the instant case. *See, e.g.,* Ohio *Furniture Co. v. Mindala*, 22 Ohio St.3d 99, 100, 488 N.E.2d 881, 882 (1986); *Hillabrand v. Drypers Corp.*, 87 Ohio St.3d 517, 518, 721 N.E.2d 1029, 1031 (2000); *Perotti v. Ferguson*, 7 Ohio St.3d 1, 3, 454 N.E.2d 951, 952 (1983).

{¶21} Because the record affirmatively demonstrated Appellee did not receive notice of the possibility of dismissal from the trial court as required by Civ. R. 41(B)(1) at the time the trial court dismissed the case, we find the instant Civ. R. 60(B) motion was a substitute for appeal, and thus barred by res judicata. The fourth assignment of error is sustained.

{¶22} Appellant's remaining assignments of error are rendered moot by our decision on his fourth assignment of error.

{¶23}  The judgment of the Licking County Common Pleas Court granting Civ. R. 60(B) relief and vacating its prior dismissal order is reversed, and the February 2, 2021 entry dismissing the case is reinstated.


By: Hoffman, J.

Wise, Earle, P.J.  and

Baldwin, J. concur