[Cite as *J.N. v. L.A.*, 2022-Ohio-974.]

COURT OF APPEALS
ASHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| J.N. | : | JUDGES: |
| | : | |
| | : | Hon. W. Scott Gwin, P.J. |
| Plaintiff-Appellee | : | Hon. Patricia A. Delaney, J. |
| | : | Hon. Craig R. Baldwin, J. |
| -vs- | : | |
| | : | Case No. 21-COA-014 |
| | : | |
| L.A. | : | |
| | : | |
| | : | |
| Defendant-Appellant | : | O P I N I O N |

CHARACTER OF PROCEEDING:      Appeal from the Ashland County Court
of Common Pleas, Juvenile Division,
Case No. 20204016


JUDGMENT:      REVERSED AND REMANDED


DATE OF JUDGMENT ENTRY:      March 24, 2022


APPEARANCES:

For Plaintiff-Appellee:      For Defendant-Appellant:

NO APPEARANCE      THOMAS L. ERB, JR.
803 E. Washington St., Suite 185
Medina, OH 44256

*Delaney, J.*

{¶1} Defendant-Appellant L.A. appeals the June 28, 2021 judgment entry of the Ashland County Court of Common Pleas, Juvenile Division.

## FACTS AND PROCEDURAL HISTORY

### Father's Complaint to Determine Parentage

{¶2} On February 21, 2020, Plaintiff-Appellee J.N. ("Father") filed a Complaint to Determine Parentage and Establishing Parenting Time Order with the Ashland County Court of Common Pleas, Juvenile Division. In his complaint, Father alleged he was the biological father of A.M.N. ("Child"), whose biological mother was Defendant-Appellant L.A. ("Mother"). Father requested a judgment entry documenting the existence of a parent-child relationship between Father and Child and an order establishing parenting time. Mother and Child had previously resided in Florida, but recently moved to Ohio. The trial court set the matter for a hearing on March 9, 2020 for a determination of paternity. A second hearing was set for May 11, 2020 to determine and rule on the complaint for parentage.

{¶3} The magistrate's order issued after the hearing found that Father did not dispute parentage and was listed on Child's birth certificate. Mother, however, disputed paternity and wanted paternity testing. The magistrate ordered genetic testing.

{¶4} Genetic testing was completed, and Father was determined to be the biological parent of Child.

{¶5} On September 30, 2020, Mother filed a Notice of Substitution. The motion listed her new attorneys as Thomas L. Erb, Jr. and Michael Callow.

**October 2, 2020 Hearing**

{¶6} The parties appeared for a video hearing on October 2, 2020 to determine parentage and to establish a Parenting Time Order. Attorney Callow represented Mother at the hearing. Counsel for Father stated that Mother and Father were close to an agreement that would resolve the necessity of the hearing. (T. 3). The trial court took a recess to allow the parties to discuss a settlement and when the parties returned to the hearing, they had come to an agreement that resolved all the issues pending before the trial court. (T. 7). The parties agreed that paternity was established, Mother would remain the residential parent and legal custodian of Child, and the parents would have visitation based on the standard parenting time order (with some modification). (T. 9-10).

{¶7} Because of the late nature of the agreement, the parties did not have anything in writing to submit to the trial court. (T. 7). Counsel for Father volunteered to draft an agreed judgment entry and send it to Attorney Callow for his signature within seven days of the hearing. (T. 7, 14). The trial court stated:

> So I am going to give you, you said a week, I don't doubt that you can get
> that done in a week, and I also know things come up, so I am going to mark
> our calendar for 15 days, and if I don't have it within 15 days, somebody will
> be giving you a call.

(T. 15).

**Dismissal of Complaint for Parentage and Parenting Time**

{¶8} On December 3, 2020, the trial court issued a judgment entry dismissing Father's complaint for parentage without prejudice. The order stated:

> This case came before the Court for a hearing on October 2, 2020. The parties and counsel were present. The Court was advised that the parties had reached a settlement on all issues. An agreed judgment entry was to be submitted to the Court within fifteen (15) days. As of November 30, 2020, no judgment entry has been submitted. Therefore, it is ORDERED this case is Dismissed without prejudice.

(Judgment Entry, December 3, 2020).

### Motion for Relief from Judgment

{¶9} On March 5, 2021, Father filed a motion for relief from the December 3, 2020 judgment entry dismissing his complaint for parentage. He relied upon Civ.R. 60(B)(5) to argue that he was entitled to relief because he complied with the trial court's instructions as to the agreed judgment entry. He stated that on October 8, 2020, he emailed a copy of the agreed judgment entry to Attorney Callow. After receiving no response from Attorney Callow, Father's counsel sent a follow-up email to Attorney Callow on October 27, 2020. Counsel for Father did not receive any response to his email. Father attached the proposed agreed judgment entry to the motion for relief.

{¶10} Mother responded to Father's motion for relief from judgment. She argued that Father failed to comply with the trial court's instruction that the agreed judgment entry was to be filed within 15 days of the October 2, 2020 hearing. Upon Attorney Callow's alleged failure to respond to counsel's emails, Father did not avail himself to any other methods of communication or remedies, such as filing a motion to enforce with the trial court, to comply with the trial court's instructions as to the filing of the agreed judgment

entry. Father also could have filed an appeal of the trial court's dismissal entry, rather than an untimely motion for relief from judgment.

{¶11} In conjunction with her response to the motion for relief from judgment, Mother filed an Alternative Motion for Temporary Orders and Alternative Motion to Modify. Mother and Child had moved back to Florida after the trial court dismissed the parentage action on December 3, 2020. Child was enrolled in middle school. Mother requested that if the trial court granted Father's motion for relief from judgment, the trial court should modify the current Shared Parenting Plan so that Mother was the residential parent and primary legal custodian and allow Mother and Child to remain in Florida.

{¶12} On May 25, 2021, the trial court held a hearing on Father's motion for relief from judgment. Counsel for Father argued there was no order stating the agreed judgment entry was to be filed within 15 days of the October 2, 2020 hearing and because a trial court only speaks through its orders, Father was not required to file the agreed judgment entry. (T. 24). Father could not be held to a deadline that was never set by the trial court. (T. 25). Counsel stated he did not regularly practice in the Ashland County Court of Common Pleas, Juvenile Division, but where he usually practiced, he expected the trial court to set the matter for a contempt hearing to establish why the agreed judgment entry had not been filed prior to dismissal. (T. 19). He did not receive any notice or communication from the trial court before it dismissed the complaint. (T. 19). Counsel for Father stated he contacted Attorney Callow by phone and email, but he never heard back from him. (T. 20). Father contended Mother should not benefit from not cooperating with the agreement reached on October 2, 2020. (T. 20).

{¶13} Counsel for Mother argued that Father was not in compliance with the Ashland County Local Rules when he failed to notify the trial court that Mother was not cooperating with the agreement. (T. 21). Father's compliance with the Local Rules would have prevented the trial court's dismissal of the complaint. (T. 22). Even after the dismissal of the complaint on December 3, 2020, Father delayed until March 5, 2021 to file a motion for relief from judgment. (T. 22). Father also missed the deadline to file a timely appeal of the December 3, 2020 judgment entry. (T. 23). In reliance on the trial court's dismissal of the complaint and the Father's failure to file a timely motion for relief from judgment, Mother and Child relocated to Florida. (T. 23).

## Judgment Entry

{¶14} On June 28, 2021, the trial court issued its judgment entry granting Father's motion for relief from judgment. It found that at the October 2, 2020 hearing, the trial court directed Father to prepare and submit an agreed judgment entry to the trial court within 15 days. The 15-day limit was not journalized as a court order. The trial court further found that Father prepared the agreed judgment entry that accurately set forth the parties' agreement and submitted it to counsel for Mother, but Mother's counsel never responded. Because Father submitted the agreed judgment entry to Mother's counsel and there was no response, the trial court held that Father suffered a detriment from which Mother benefitted. While Father could have taken other action, the trial court found his failure to take different action did not prohibit the relief requested under Civ.R. 60(B)(5).

{¶15} The trial court vacated the December 3, 2020 judgment entry and adopted the agreed judgment entry, naming Mother as the residential parent and legal custodian of Child.

{¶16} It is from this judgment entry that Mother now appeals. Father did not file an appellee's brief. Pursuant to App.R. 18(C), "[i]f an appellee fails to file the appellee's brief within the time provided by this rule, or within the time as extended, * * * in determining the appeal, the court may accept the appellant's statement of the facts and issues as correct and reverse the judgment if appellant's brief reasonably appears to sustain such action."

## ASSIGNMENT OF ERROR

{¶17} Mother raises one Assignment of Error:

{¶18} "THE TRIAL COURT ABUSED ITS DISCRETION IN GRANTING APPELLEE'S MOTION FOR RELIEF FROM JUDGMENT PURSUANT TO OHIO RULE OF CIVIL PROCEDURE 60(B) BECAUSE THE APPELLEE IS NOT ENTITLED TO RELIEF AND FAILED TO FILE THE MOTION WITHIN A REASONABLE TIME."

## ANALYSIS

{¶19} Mother argues the trial court abused its discretion when it granted Father's motion for relief from judgment. For the reasons stated below, we agree.

### *GTE Automatic* Factors

{¶20} A motion for relief from judgment under Civ.R. 60(B) lies in the trial court's sound discretion. *Griffey v. Rajan*, 33 Ohio St.3d 75, 514 N.E.2d 1122 (1987). To find an abuse of that discretion, we must determine the trial court's decision was unreasonable, arbitrary, or unconscionable and not merely an error of law or judgment. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 450 N.E.2d 1140 (1983). In *GTE Automatic Electric Inc. v. ARC Industries, Inc.*, 47 Ohio St.2d 146, 351 N.E.2d 113 (1976), paragraph two of the syllabus, the Supreme Court of Ohio held the following:

To prevail on a motion brought under Civ.R. 60(B), the movant must demonstrate that: (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds of relief are Civ.R. 60(B)(1), (2) or (3), not more than one year after the judgment, order or proceeding was entered or taken.

{¶21} We note the trial court did not refer to the *GTE Automatic* factors in its June 28, 2021 judgment entry granting Father's motion for relief from judgment. The trial court found that Father was entitled to relief pursuant to Civ.R. 60(B)(5), but there was no analysis as to whether the motion was made in a reasonable time or whether Father had a meritorious defense. In her brief, Mother states that whether Father has a meritorious defense or claim to present is not relevant because this case involves parentage and there is an underlying agreed judgment entry. We agree and as such, we will consider the remaining factors under the *GTE Automatic* determination. The *GTE Automatic* factors are "independent and in the conjunctive, not the disjunctive." *DeChellis v. Estate of DeChellis*, 5th Dist. Stark No. 2020CA00025, 2020-Ohio-5111, 2020 WL 6375476, ¶ 16 quoting *Blaney v. Kerrigan*, 5th Dist. Fairfield No. 12-CA-86, 1986 WL 8646, *2 (Aug. 4, 1986) quoting *GTE Automatic Elec., Inc., supra* at 150-151. "Failing to meet one is fatal, for all three must be satisfied in order to gain relief * * *." *Id.*

**Civ.R. 60(B)(5)**

{¶22} Father argued he was entitled to relief from the trial court's December 3, 2020 judgment entry pursuant to Civ.R. 60(B)(5). Civ.R. 60(B)(5) allows the trial court to

relieve a party from a final judgment for "any other reason justifying relief from the judgment." Civ.R. 60(B)(5) operates as a catch-all provision and "reflects 'the inherent power of a court to relieve a person from the unjust operation of a judgment.'" *Maggiore v. Barensfeld*, 5th Dist. Stark No. 2011CA00180, 2012-Ohio-2909, 2012 WL 2415184, ¶ 35 citing *Dutton v. Potroos*, 5th Dist. Stark No. 2010CA00318, 2011-Ohio-3646, 2011 WL 3057612, at ¶ 49. It is reserved for "extraordinary and unusual case[s]," *Myers v. Myers*, 9th Dist. Summit No. 22393, 2005-Ohio-3800, 2005 WL 1763608, at ¶ 14, and "is not a substitute for the enumerated grounds for relief from judgment [.]" *Id.* It applies only where a more specific provision of Civ.R. 60(B) does not apply. *Ogline v. Sam's Drug Mart, L.L.C.*, 5th Dist. Stark No. 2013 CA 00154, 2014-Ohio-2355, 2014 WL 2547765, ¶ 38 citing *Strack v. Pelton*, 70 Ohio St.3d 172, 637 N.E.2d 914 (1997).

{¶23} Mother contends this is not an extraordinary or unusual case in which there are substantial grounds to relieve a party of the unjust operation of a judgment. The trial court laid the dismissal of the action on the shoulders of Mother, while a close examination of the record in this case shows that it was Father's inaction that resulted in a procedural, not unjust, dismissal of his complaint for parentage.

{¶24} After the parties stated they settled the matter at the October 2, 2020 hearing, counsel for Father volunteered to file the agreed judgment entry within 15 days of the hearing. While acknowledging he volunteered to file the agreed judgment entry, Father argued at the hearing for his motion for relief that he was not required to file the agreed judgment entry within 15 days because the trial court did not journalize an order to that effect. We agree with Father that it is well-established a trial court speaks only through its journal entries. *Infinite Sec. Solutions, L.L.C. v. Karam Properties II, Ltd.*, 143

Ohio St.3d 346, 2015-Ohio-1101, ¶ 29. Loc.R. 11(B) of the Ashland County Court of Common Pleas, Juvenile Division, however, provides specialized guidance to its practioners as to the preparation of an agreed judgment entry settled at a hearing. The rule states, in pertinent part:

> B. CASES SETTLED AT HEARING: If a case is settled during the course of a hearing, counsel shall reduce the settlement agreement to writing, place the agreement on the record, or both, as directed by the Court. Counsel for the Plaintiff shall prepare a Judgment Entry which fully comports with the parties' in-court agreement, and shall file the same with the Court within thirty (30) days of notifying the Court that a disputed matter has been resolved by agreement. * * *

Before volunteering to file the agreed judgment entry within 15 days without a journalized entry ordering the same, Father could have brought to the trial court's attention that its 15-day deadline conflicted with Loc.R. 11(B). The record shows that counsel for Father prepared and emailed the agreed judgment entry to Mother's counsel on October 8, 2020, without the impetus of a journalized order.

{¶25} Father next contends that Mother never responded when he emailed the agreed judgment entry to Attorney Cowell on October 8, 2020 and October 27, 2020. Mother does not dispute that she did not respond to the emails from Father's counsel. At the hearing on his motion for relief, Father's counsel stated that he expected the trial court to guide the proceedings when the agreed judgment entry was not filed within 15 days. Mother argues that Father had remedies available to him to compel Mother's performance after the October 2, 2020 hearing and her failure to respond to his emails. The trial court

acknowledged this in its judgment entry granting the motion for relief when it stated, "[t]he Plaintiff could have taken other action * * *." (Judgment Entry, June 28, 2021).

{¶26} First, the Loc.R. 11(B) of the Ashland County Court of Common Pleas, Juvenile Division, provides direction if there is a challenge in filing an agreed judgment entry:

> B. CASES SETTLED AT HEARING: If a case is settled during the course of a hearing, counsel shall reduce the settlement agreement to writing, place the agreement on the record, or both, as directed by the Court. Counsel for the Plaintiff shall prepare a Judgment Entry which fully comports with the parties' in-court agreement, and shall file the same with the Court within thirty (30) days of notifying the Court that a disputed matter has been resolved by agreement. *In the event the parties encounter unforeseen difficulties with the timely preparation and submission of the Judgment Entry, the parties shall promptly notify the Court of that fact, and shall seek an extension of time in which to timely file the Judgment Entry.*

(Emphasis added.)

{¶27} Assuming arguendo that pursuant to Loc.R. 11(B), Father had 30 days to file the agreed judgment entry after the October 2, 2020 hearing, Mother had not responded to Father's emails by November 2, 2020. Counsel for Father stated at the hearing that he believed it was the trial court's duty to notify the parties that the agreed judgment entry had not been timely filed. Loc.R. 11(B) clearly directed Father to promptly notify the trial court of unforeseen difficulty with the timely preparation and submission of the agreed judgment entry and to seek an extension of time in which to file the judgment

entry. There is no entry in the record showing that Father promptly notified the trial court of his unforeseen difficulty with the timely preparation and submission of the agreed judgment entry and sought an extension of time in which to file the judgment entry.

{¶28} Second, Father could have a filed a motion for contempt when Mother failed to respond on October 2, 2020 and October 27, 2020. The purpose of a civil contempt motion is to compel compliance with a court's order. *Colby v. Colby*, 5th Dist. Delaware No. 15 CAF09 0068, 2016-Ohio-2903, ¶ 49 citing *Robinette v. Bryant*, 4th Dist. Lawrence No. 14CA28, 2015–Ohio–119, ¶ 47, citing *Sheridan v. Hagglund*, 4th Dist. Meigs No. 13CA6, 2014–Ohio–4031, ¶ 22. A motion for contempt would have timely notified the trial court of Mother's failure to respond and the trial court could have remedied the matter.

{¶29} The trial court's dismissal of the complaint for parentage was not an unjust operation of judgment, but a procedural action due to the failure to file the agreed judgment entry as discussed at the October 2, 2020 hearing or pursuant to Loc.R. 11(B). It is not an extraordinary or unusual case because Father can refile his action for parentage. Father failed to utilize the Local Rules or other methods of compelling a parties' performance to notify the trial court of Mother's admitted failure to respond. Father argued it was Mother's fault that the complaint was dismissed, but the record in this case shows Father had a duty to proactively notify the trial court. The court cannot remedy a problem of which it is unaware.

**Reasonable Time**

{¶30} Mother next contends in her appeal that Father did not meet the third element of the *GTE Automatic* test that the motion for relief from judgment must be filed

within a reasonable time. The trial court made no finding as to whether the motion for relief was timely filed in its June 28, 2021 judgment entry granting the motion.

{¶31} The Tenth District Court of Appeals explained the timeliness of the Civ.R. 60(B) motion:

With respect to the timeliness of a motion, Civ.R. 60(B) incorporates a two-part standard. For relief under Civ.R. 60(B)(1), (2) or (3), the movant must seek relief "within a reasonable time, and * * * not more than one year after the judgment." Relief under Civ.R. 60(B)(4) and (5) is not subject to the one-year limitation, but must still be sought within a reasonable time. This court has stated that "[j]ust because a Civ.R. 60(B) motion is filed within one year of the underlying judgment does not mean the motion was filed within a reasonable time." *GMAC Mtge. v. Lee*, 10th Dist. No. 11AP-796, 2012-Ohio-1157, ¶ 21, citing *EMC Mtge. Corp. v. Pratt*, 10th Dist. No. 07AP-214, 2007-Ohio-4669, ¶ 8, citing *Adomeit v. Baltimore*, 39 Ohio App.2d 97, 106 (8th Dist.1974). "The relief provided by Civ.R. 60(B) is equitable in nature, and a party must act diligently to be entitled to it." *Id.* at ¶ 23, citing *Morris v. Grubb*, 2d Dist. No. 15177 (Mar. 8, 1996). "Failure to seek relief from judgment for a substantial period of time after the movant is aware of the grounds for relief demonstrates a lack of due diligence." *Id.*, citing *Morris*.

*Yaklevich v. Dinneen*, 10th Dist. Franklin No. 20AP-322, 2021-Ohio-4531, 2021 WL 6087621, ¶ 9.

{¶32} On October 2, 2020, the parties settled the matter at the hearing. Father stated at the hearing he would file the agreed judgment within 15 days. 63 days had

passed when on December 3, 2020, the trial court dismissed the complaint for parentage for failure to file the agreed judgment entry. Father filed his motion for relief from judgment on March 5, 2021, 93 days after the December 3, 2020 dismissal of the complaint. During the 93 days, Mother and Child relocated to Florida where Child enrolled in school.

{¶33} Counsel for Father explained at the May 25, 2021 hearing that after he received the dismissal, he attempted to contact Attorney Callow and received no response. (T. 20). Counsel then made arrangements with the trial court to get the transcript of the October 2, 2020 hearing. (T. 20). Instead of appealing the dismissal, counsel stated, "from my client's perspective, we're trying to limit the legal expenses at this point between this litigation in Florida and we thought that would be a better approach as opposed to trying to appeal this decision." (T. 20).

{¶34} "Civ.R. 60(B) exists to resolve injustices that are so great that they demand a departure from the strict constraints of res judicata. * * * However, the rule does not exist to allow a party to obtain relief from his or her own choice to forgo an appeal from an adverse decision." *Hazelwood Assn., Inc. v. Helfrich*, 5th Dist. Licking No. 2021 CA 00033, 2022-Ohio-174, 2022 WL 203032, ¶ 11 quoting *Bank of Am., N.A. v. Kuchta*, 141 Ohio St.3d 75, 2014-Ohio-4275, 21 N.E.3d 1040, ¶ 15. *See also Doe v. Trumbull Cty. Children Servs. Bd.*, 28 Ohio St.3d 128, 502 N.E.2d 605 (1986), paragraph two of the syllabus ("[a] party may not use a Civ.R. 60(B) motion as a substitute for a timely appeal").

{¶35} Civ.R. 60(B) does not exist to protect a party from their decision to not file an appeal. Father admittedly filed the motion for relief from judgment as a substitute for an appeal. Further, the relief provided by Civ.R. 60(B) is equitable in nature, and a party must act diligently to be entitled to it. Father filed the motion for relief 93 days after the

dismissal, which was 63 days after his time for appeal had expired. While Father was waiting on a transcript, he could have filed his motion for relief from judgment after the dismissal and supplemented the motion with the transcript. The trial court in this case abused its discretion when it failed to consider whether Father filed his motion for relief from judgment within a reasonable time and considered only the issue of Civ.R. 60(B)(5).

{¶36} Under these factual and procedural circumstances, we find the trial court abused its discretion when it determined that Father was entitled to relief from judgment without full consideration of the *GTE Automatic* factors. As Father did not file an appellee's brief, we accept the Mother's statement of the facts and issues as correct and reverse the judgment because Mother's brief reasonably appears to sustain such action. App.R. 18(C).

{¶37} Mother's sole Assignment of Error is sustained.

# CONCLUSION

{¶38} The judgment of the Ashland County Court of Common Pleas, Juvenile Division is reversed, and the matter remanded for further proceedings consistent with this Opinion and law.

By: Delaney, J.,

Gwin, P.J. and

Baldwin, J., concur.